## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## OTTO MUNGER v. ALBERT O. COX.

### February 25, 1926.

1. MALICIOUS PROSECUTION—*Want of Probable Cause a Negative Averment—Burden of Proof—Inferences.*—While, in an action for malicious prosecution, want of probable cause is a negative averment the burden of proving it by a preponderance of evidence falls upon the plaintiff. Other things may be inferred from want of probable cause, but this cannot be inferred from anything else; it must be established by proof.

2. MALICIOUS PROSECUTION—*Search Warrant—Failure to Find Goods Sought—Prima Facie Case of Want of Probable Cause—Case at Bar.*—In an action for malicious prosecution the plaintiff introduced a search warrant obtained by defendant to search plaintiff's premises, proved the search and the failure to find any of the defendant's goods on plaintiff's premises.

   *Held:* That the finding of no goods when the search was made, *prima facie* established that there was no probable cause.

3. MALICIOUS PROSECUTION—*Evidence—Statements to Justice by Defendant when Seeking a Search Warrant as to Previous Losses of Defendant and His Belief that the Same Man Committed the Offenses.*—In an action for malicious prosecution, the justice of the peace who issued the search warrant was permitted to testify that defendant told him that he had lost goods previously and intimated that this thing (the housebreaking) coming on, made him believe that probably the same man had committed this offense.

   *Held:* That the admissibility of this evidence did not depend upon whether the statement was made before or after issuance of the search warrant; that it tended to prove that defendant had a suspicion that plaintiff was a thief, and that his action in suing out the search warrant was not the result of an unbiased consideration of the facts. The evidence was therefore admissible.

4. MALICIOUS PROSECUTION—*Evidence—Probable Cause—Advice of Layman.*—In an action for malicious prosecution the court refused to permit a witness to state that after going over the ground with defendant and his brother he advised defendant that he had probable cause to believe that plaintiff was the thief.

   *Held:* That the opinion of the layman was not proper for the consideration of the jury and this opinion was properly excluded.

5. MALICIOUS PROSECUTION—*Probable Cause—Instructions.*—In an action for malicious prosecution an instruction that probable cause in a criminal prosecution is not dependent upon the facts acted upon being true, but it is sufficient if at the time they were acted upon they were believed to be true by the party applying for a search warrant, and were such facts and circumstances as would excite the belief in a reasonable mind acting on the facts in the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was being prosecuted.

*Held:* That this instruction correctly stated the rule of law by which to determine probable cause.

·6. MALICIOUS PROSECUTION—*Instructions—Hypothetical Case.*—The prevailing and better practice seems to be to submit whether probable cause existed to the jury upon hypothetical instructions; that is if they find from the evidence certain enumerated facts to exist, there was probable cause, but if those facts were not proven, or if certain other enumerated facts are found to exist, there was a want of probable cause.

7. MALICIOUS PROSECUTION—*Probable Cause—Questions of Law and Fact.*— What constitutes probable cause is generally a question for the court, but whether it exists is a question for the jury. Probable cause is a mixed question of law and fact.

8. MALICIOUS PROSECUTION—*Probable Cause—Questions of Law and Fact— Definition.*—Where the facts proven are undisputed, and the credibility of witnesses is not to be passed upon, whether the facts establish probable cause is a question of law for the court. That is, that the facts proven would excite the belief in a reasonable mind that the person accused is guilty of the crime for which he was being prosecuted.

·9. MALICIOUS PROSECUTION—*Probable Cause—Honest Belief—Reasonable Ground for Suspicion.*—The honest belief of a person commencing a criminal prosecution against another in the guilt of the accused, is an essential element of fact for him in showing probable cause or in disproving the want of it; but he must also show such reasonable grounds of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in that belief, before his belief can become his vindication or shield.

·10. MALICIOUS PROSECUTION—*Probable Cause—Instructions—Hypothetical Instruction.*—In the instant case, an action for malicious prosecution, there was no direct evidence to excite the belief that plaintiff stole the goods of defendant. Tracks leading from the store of defendant towards the premises of plaintiff and the other facts given in evidence by defendant and his brother did not establish the fact that plaintiff was the thief with the certainty which required the trial court to instruct the jury that the evidence proved probable cause.

*Held:* That where the court had given a correct instruction as to

what constitutes probable cause, in general terms, it was not necessary under these circumstances for it to give an hypothetical instruction, especially as there was conflict in the evidence as to the facts.

11. CIRCUMSTANTIAL EVIDENCE—*Two Kinds of Circumstantial Evidence.*—Circumstantial evidence is of two kinds, namely, certain, or that from which the conclusion in question necessarily follows; and uncertain, or that from which the conclusion does not necessarily follow, but is probable only, and is obtained by process of reasoning.

12. MALICIOUS PROSECUTION—*Probable Cause—Circumstantial Evidence—Questions of Law and Fact.*—In an action for malicious prosecution, where the circumstantial evidence is certain, or that from which the conclusion necessarily follows, the facts are undisputed and the court should determine whether they constitute probable cause. But where the conclusion is uncertain and obtained by process of reasoning, it is a question for the jury.

13. QUESTION OF LAW AND FACT—*Weight of Evidence or Inferences to be Drawn from Circumstances.*—In Virginia the weight of the evidence or inferences to be drawn from circumstances is always a matter for the jury under proper instructions from the court.

14. MALICIOUS PROSECUTION—*Want of Probable Cause—Question for Jury—Case at Bar.*—In the instant case, an action for malicious prosecution, whether an ordinarily cautious man would have believed, from the evidence that tracks leading from the store of defendant near to the residence of plaintiff (and other evidence), that plaintiff stole the goods of defendant was a fact for the ascertainment of the jury, especially as there was conflict between the evidence of the defendant and his brother and that of witnesses introduced to corroborate them.

15. MALICIOUS PROSECUTION—*Want of Probable Cause—Instructions—Hypothetical Instruction*—In the instant case the court gave to the jury a proper definition of probable cause and submitted to them the question of its existence under the evidence and refused an hypothetical instruction, where there was conflict in the evidence and no direct evidence of plaintiff's guilt.

*Held:* No error.

16. MALICIOUS PROSECUTION—*Advice of Counsel—Probable Cause—Malice—Inference.*—Evidence of advice is admissible to rebut the inference of malice, but cannot be considered to prove probable cause. While the jury may infer malice from the want of probable cause, the latter (probable cause) will never be inferred from the former, no matter how much malice is shown.

17. MALICIOUS PROSECUTION—*Advice of Counsel—Disclosure of Facts to Counsel.*—A party may act on the advice of counsel *bona fide* sought and obtained, without incurring liability for damages for a malicious

prosecution. But to justify him something more than the mere advice must be made to appear. The facts must be shown on which the advice was given; and it must be a full, correct and honest statement by the defendant of all the material facts known to him.

18. MALICIOUS PROSECUTION—*Advice of Counsel—Disclosure of Facts to Counsel—Questions of Law and Fact.*—In an action for malicious prosecution, the testimony presented an issue of fact as to whether or not the defendant made a full and fair statement of all the facts to his counsel.

*Held:* That this question was for the determination of the jury.

19. MALICIOUS PROSECUTION—*Finding Stolen Goods on Land of Plaintiff— Larceny—Presumption.*—Finding stolen goods on the land of another person raises no presumption that the owner of the land was the thief.

20. LARCENY—*Presumption from Possession of Stolen Goods—Exclusive Possession.*—It is well settled law in Virginia that the possession of goods recently stolen must be in the exclusive possession of the possessor to warrant the presumption that he was the thief.

Error to a judgment of the Circuit Court of Fluvanna county, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Haden & Haden, Allen, Walsh & Michie,* for the plaintiff in error.

*Gordon & Gordon, S. W. Shelton,* for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

On the nights of January 3-4, 1924, the store of the plaintiff in error, Otto Munger, at Antioch, in Fluvanna county, Virginia, was broken into and various articles, such as a pair of shoes, overalls, union suits, dry goods, socks, pocket knives, etc., were taken therefrom. During the early part of that night it rained, but after one

o'clock it cleared off—and the ground became slightly frozen, with frost upon it.

Early in the morning of the fourth (Friday), Munger and his brother, W. D. Munger, discovered that the store had been broken into. They found some tracks upon the ground near the store door which had been entered. They followed the tracks from the store door out to the road, thence along the road about one hundred yards, where they turned across a neighbor's (Mr. Bear's) field, thence through Bear's woods to a marsh. They crossed the marsh and picked up the tracks again in the woods by the frost upon the leaves; followed them to a fence between the lands of Cox and Bear; this fence was approximately two hundred and fifty yards from Cox's dwelling and upon this fence there was found lint from a sack. They crossed the fence, and followed the tracks through the woods to the edge of the four-acre clearing around Cox's house. The edge of the clearing is one hundred and fifteen yards from the house. From this point the tracks were seen going towards Cox's house for twenty, or approximately twenty, steps, but they were not followed any farther.

Munger and his brother made a complete circuit around the edge of the clearing in which Cox's house and out-houses were situated, examining carefully at all points to see whether the tracks came out at any point, and were unable to find any point at which the tracks left the clearing. Later during the day W. D. Munger found along the route of the tracks a label from hosiery that was similar to labels on hosiery left in the store and on the hosiery taken away.

Later, W. Lockwood, a neighbor, went with the Mungers over the route of the tracks. Otto Munger sought Lockwood's opinion as to whether he had probable cause to sue out a search warrant against Cox. The

court would not permit that opinion to go to the jury. Besides he went to Scottsville for advice from C. H. Patterson, an attorney at law. Patterson, he says, advised him to have the search warrant issued.

On January 6, 1924, Munger appeared before C. B. Taylor, a justice of the peace for Fluvanna county, and made oath that A. O. Cox did on the night of Thursday, January 3rd, or the morning of January 4, 1924, feloniously steal, take and carry various articles of property of the total value of $41.90, and that he had probable cause to believe and does verily believe that said property is concealed in the dwelling house of the said A. O. Cox or in his out-houses on his premises. The warrant then commanded the constable, T. H. Webb, to diligently search the dwelling house or out-houses for said property and if the same, or any part thereof, be found upon search, that you bring the said property and also the body of the said A. O. Cox before him or some other justice of said county to be disposed of according to law.

Webb, the constable, on January 7, 1924, or near that date, by virtue of said warrant, made diligent search of the dwelling, out-houses and premises of A. O. Cox, but found none of the Munger property thereon, and further proceedings against Cox were abandoned.

Cox had moved into the Antioch neighborhood from North Carolina about eighteen months prior to January 1, 1924. He bore a good reputation for honesty and veracity in his former home in North Carolina, and in his neighborhood and among the people who knew him in Fluvanna county. The relations between him and Munger were apparently friendly. He traded on credit at Munger's store; had borrowed money from him, which was repaid, and the account at the store was settled in a satisfactory manner.

On the 6th day of June, 1924, A. O. Cox filed in the Circuit Court of Fluvanna county his motion for judgment for $15,000.00 damages for malicious prosecution. At the succeeding term the defendant appeared by his attorney and said that he was not guilty in the manner and form, as the plaintiff against him had complained, and thus issue was joined.

[1] The essential ground of this action is the want of probable cause, and while this is a negative averment the burden of proving it by a preponderance of the evidence falls upon the plaintiff.    Other things may be inferred from want of probable cause, but this cannot be inferred from anything else; it must be established by proof.    *Scott* v. *Shelor*, 28 Gratt (69 Va.) 891.

The jury was impanelled to try the issue and the attorneys for plaintiff and defendant (well versed in the law of malicious prosecution) introduced only relevant and pertinent evidence, so there are only two exceptions to the admission or rejection of evidence, which will be considered further on in this discussion.

[2] The plaintiff introduced the search warrant, proved the search and the failure to find any of the defendant's goods on the premises.    The finding of no goods when the search was made, *prima facie* established that there was no probable cause.    *Jones* v. *Finch*, 84 Va. 204, 4 S. E. 342.

The defendant, Munger, and his brother testified to following the tracks, finding lint on the fence, and the wrapper from the hosiery.   He undertook to corroborate their testimony by witness Beall who saw only two tracks, but did see the lint on the fence.    Lockwood, who was with Munger in the morning, testified that he could trace the tracks only here and there through the field, then down a path to a swampy place where he could not follow the tracks any further so he

turned back.  About noon of the same day, Munger called on Lockwood again and took him over the swampy place through the woods (but he could not discover any tracks in the woods) to the fence where he was shown the lint—he went only to that point.  Munger then asked his advice but the court refused to permit Lockwood to testify what that advice was, and this ruling is the subject of defendant's bill of exception No. 2.

Munger also testified that he consulted C. H. Patterson, an attorney, who advised him to sue out the search warrant, but Patterson testified for plaintiff, and says that he was under the impresison that Munger told him he traced the tracks to Cox's yard fence, which was about forty or fifty feet from his dwelling, whereupon he told Munger *he thought probably* the law would justify him in getting out a distress warrant.

After the evidence was completed the court gave five instructions for the plaintiff and five instructions for the defendant.  They correctly stated the law in cases of malicious prosecution so there were no objections to any of them.  But the defendant also offered an instruction, No. 6, that set forth all of his evidence and that of his witnesses, and instructed the jury that said evidence, if believed, constituted probable cause and they should find for the defendant.  The court refused to give this instruction No. 6, and this constitutes the defendant's bill of exceptions No. 3.

The jury having heard the evidence and argument, retired to their room to consider of their verdict, and after some time returned into court and rendered the following verdict:

"We the jury find for the plaintiff in the issue joined and placed the damages at $1,500.00.  P. K. Drumwright, foreman."

Thereupon, the defendant, by his attorney, moved the court to set aside the said verdict of the jury upon the ground that the same is contrary to the law and evidence, which motion the court overruled and entered judgment upon the verdict in favor of the plaintiff, to which ruling of the court the defendant excepted and filed its bill of exceptions No. 4.

Upon petition, this writ of error was awarded to review the errors assigned, and this court is asked to set aside the verdict of the jury and enter judgment in favor of the defendant.

[3] The first error assigned is to the action of the trial court in permitting C. B. Reynolds, the justice of the peace, to state that at the time he issued the search warrant, but after it had been signed, "that Munger told him that he had lost goods previously and intimated that this thing (the housebreaking) coming on, made him believe that probably the same man had committed this offense. That this statement of Munger had no bearing on his issuing the warrant." The admissibility of this testimony does not depend upon whether the statement was made before or after issuance of the search warrant. It tended to prove that Munger had suspicion or a preconceived belief that Cox was a thief, and therefore his action in suing out the search warrant was not the result of a reasonable belief produced by an unbiased consideration of the facts and circumstances discovered after his store had been broken into. The jury should have considered all the elements that entered into his belief that Cox stole his goods and the court was right in not excluding the evidence.

[4] The second assignment of error is the refusal of the court to permit Lockwood to state that after going over the ground and hearing Munger and his brother, he

advised Munger that he had probable cause to believe that Cox was the thief. The court properly allowed Munger to shown that he pointed out the tracks and the lint on the fence to Lockwood and asked his advice, as evidence of his (Munger's) care and caution. Probable cause, however, is a mixed question of law and fact, therefore, the opinion of a layman is not proper for the consideration of the jury, and this opinion was properly excluded.

[5] The court at the request of the defendant gave his instruction No. 2 which correctly states the rule of law by which to determine probable cause, as follows:

"The court further instructs the jury that probable cause in a criminal prosecution is not dependent upon the facts acted upon being true, but it is sufficient if at the time they were acted upon they were believed to be true by the party applying for the search warrant, and were such facts and circumstances as would excite the belief in a reasonable mind acting on the facts in the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was being prosecuted. *Scott and Boyd* v. *Shelor*, 29 Gratt. (70 Va.) 891; *Sands* v. *Norvell*, 126 Va. 391."

The defendant tendered also instruction No. 6 which the court refused to give. His contention is that instruction No. 2 was a correct abstract statement of the law; but the court should also have given instruction No. 6 which detailed with great particularity all the evidence favorable to him and his conduct, and instructed the jury that if they believed the facts and circumstances which his evidence tended to prove, *as a matter* of law, they constituted probable cause, and the jury should find for the defendant. This is the ground of exception No. 3.

[6, 7] It is true that the prevailing and better prac-

tice seems to be to submit whether probable cause existed to the jury upon hypothetical instructions; that is if they find from the evidence certain enumerated facts to exist, there was probable cause, but if those facts were not proven, or if certain other enumerated facts are found to exist, there was a want of probable cause. What constitutes probable cause is generally a question for the court, but whether it exists is a question for the jury. Probable cause is a mixed question of law and fact.

[8, 9] Where the facts proven are undisputed, and the credibility of witnesses is not to be passed upon, whether the facts establish probable cause is a question of law for the court. That is, that the facts proven would *excite the belief* in a reasonable mind that the person accused is guilty of the crime for which he was being prosecuted. The honest belief of a person commencing a criminal prosecution against another, in the guilt of the accused, is an essential element of fact for him in showing probable cause or in disproving the want of it; but he must also show such reasonable grounds of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man *in that belief, be- before his belief* can become his vindication or shield. *Wills* v. *Noyes*, 12 Pick. (Mass.) 324; *Farnam* v. *Feeley*, 56 N. Y. 451.

The cases where the courts have held as a matter of law that the reasonable belief in the guilt of the accused was the natural and probable reaction created in the mind of an ordinarily cautious man have been based upon the acts and conduct of the accused. That the conduct on the part of the accused was such as to induce the court to infer that the prosecution was undertaken from public motives. *Ulmer* v. *Leland*, 1 Greenl. (Me.) 135, 10 Am. Dec. 48.

[10, 11, 12] The evidence in the instant case shows that there was no direct evidence to excite the belief that Cox stole the goods of Munger. The basis of instruction No. 6 and the claim that he acted upon probable cause are placed upon the presumption from the tracks traced from the store to the four-acre clearing around Cox's dwelling and twenty steps into said clearing, together with the lint on the fence, the hosiery wrapper found along the route of the tracks, and that statement on Friday night after the robbery by Cox to Munger ·that he (Cox) was afraid that suspicion would be directed to him, he being a newcomer. This latter statement was denied. In fact the plaintiff contends the credible evidence does not establish the facts from which the defendant deduced his belief. Conceding that the collateral facts are proven is the fact in controversy inferrable from those facts? This is circumstantial evidence· or presumptive proof. "Circumstantial evidence is of two kinds, namely, *certain*, or that from which the conclusion in question necessarily follows; and *uncertain*, or that from which the conclusion does not necessarily follow, but is probable only, and is obtained by process of reasoning." Greenleaf on Evidence (15th ed.), section 13-a.

In the first kind of circumstantial evidence where the conclusion necessarily follows, the facts are undisputed and the court should determine whether they constitute probable cause. But where the conclusion is uncertain and obtained by process of reasoning, it is a question for the jury. That is the jury must determine that the fact to be proved is the clear and strong logical inference from the facts proved. The tracks and other facts given in evidence by Munger and his brother do not establish the fact that Cox was the thief with that certainty which required the trial court to instruct the jury that the evidence proved probable cause.

[13, 14] In Virginia the weight of the evidence or inferences to be drawn from circumstances is always a matter for the jury under proper instructions from the court. Whether an ordinarily cautious man would *have believed* from the evidence that Cox stole the goods of Munger was a fact for the ascertainment of the jury in our practice. Not only was this a jury question, but the plaintiff contested the credibility of Munger and his brother as to the physical facts of tracing the tracks: the conflicts between their evidence and that of the witnesses introduced to corroborate them, and other contradictions in the testimony, together with the conduct of Munger and his witnesses, and demeanor of the witnesses on the stand; thus whether the jury believed their testimony was the most essential duty which they had to perform and from their verdict they apparently discredited the defendant's testimony.

[15] The learned judge of the trial court was more than probably guided in his ruling by the case of *Clinchfield Coal Corporation* v. *Redd*, 125 Va. 420, 96 S. E. 836-843, where the court said: "What is probable cause as an abstract legal proposition is a question for the court, but, where there is any conflict of evidence, it is for the jury to determine whether in the particular case such probable cause existed. *In the instant case the court gave to the jury a proper definition of probable cause and submitted to them* the question of its existence under the evidence." This the court did in the instant case and we can find no error in its refusal to give instruction No. 6.

[16] But there is another very serious error in that instruction. After reciting the circumstances of the tracks and incidents connected therewith, the instruction made the seeking of advice from Lockwood, Patterson, the attorney, and Taylor, the justice of the peace,

added facts to establish probable cause. Evidence of advice is admissible to rebut the inference of malice, but cannot be considered to prove probable cause. While the jury may infer malice from the want of probable cause, the latter (probable cause) will never be inferred from the former, no matter how much malice is shown. *Singer Man. Co.* v. *Bryant,* 105 Va. 403, 54 S. E. 320.

The last bill of exceptions is to the refusal of the court to set aside the verdict of the jury and enter judgment for the defendant.

[17] The first ground assigned to sustain this motion is the fact that Munger sought the advice of Patterson, an attorney at law, and upon his advice sued out the search warrant. It is true that a party may act on the advice of counsel *bona fide* sought and obtained, without incurring liability for damages for a malicious prosecution. But to justify him something more than the mere advice must be made to appear. The facts must be shown on which the advice was given; and it must be a full, correct and honest statement by the defendant of all the material facts known to him.

[18] Patterson testified that it was his impression that Munger told him the tracks lead to the yard fence around Cox's dwelling, while Munger claimed he told Patterson that the tracks lead into the four-acre clearing twenty steps from the woods going in the direction of the dwelling (which would be from seventy-five to eighty-five steps from Cox's dwelling). It will be observed that the testimony presented to the court an issue of fact; whether or not the defendant made a full and fair statement of all the facts to his counsel. This question was for the determination of the jury. It was submitted to the jury under proper instructions and determined in favor of the plaintiff upon sufficient evi-

dence, which is conclusive. *Forbes* v. *Hagan*, 75 Va. 168; *McLeod* v. *McLeod*, 73 Ala. 42.

[19] The second ground to sustain the motion to enter judgment in favor of the defendant is that he acted upon probable cause. The purpose of the investigation was to discover such facts and circumstances as would point out the person who entered Munger's store and stole therefrom his goods. The tracks in no way suggested the thief, and while the lint on the fence and the hosiery wrapper by the route of tracks, may suggest that the person who made the tracks was carrying the goods in a bag, and did carry them into the clearing and toward Cox's house, there is no evidence or circumstance that in any way pointed to Cox as the guilty party, except the fact that he owned the land, and the goods probably were on his land. This was only a suspicion, and the search, if the goods had been found, would have been a circumstance that the thief brought the goods on the Cox place, but would not have been a presumption as to the thief unless the possession was exclusively in him. Finding stolen goods on the land of another person raises no presumption that the owner of the land was the thief.

[20] It is well settled law in Virginia that the possession of goods recently stolen must be in the exclusive possession of the possessor, to warrant the presumption that he was the thief. *Taliaferro* v. *Commonwealth*, 77 Va. 411; *Tyler* v. *Commonwealth*, 120 Va. 868, 91 S. E. 171.

The parties have had a fair trial. The jury has upon the evidence found a verdict in favor of the plaintiff and there is no error in the rulings of the trial court, therefore its judgment must be affirmed.

*Affirmed.*

CHINN, J., concurs.

McLEMORE, J., dissenting:

I regret to find myself out of harmony with the opinion this day delivered in this case.   My reasons for disagreeing with the majority are:

First: I think the defendant was entitled to have an instruction submitting his evidence to the jury in hypothetical form, and to be told if they believed these facts, there was probable cause to sue out the warrant.

"Probable cause is a mixed question of law and fact. The court submits the evidence of it to the jury with instructions as to what facts will amount to probable cause if proved."   *Director General* v. *Kastenbaum*, 263 U. S. 25, 44 S. Ct. 52, 68 L. Ed. 146.

In 38 Corpus Juris, page 513, a very recent and accurate statement of the law is found:

"Where, on the question of probable cause, the evidence is conflicting, or different inferences may be drawn from the evidence, although not conflicting, a method of instructing the jury which is universally approved is for the court, by means of a hypothetical instruction, to group the facts which the evidence tends to prove, and instruct the jury that if they find such facts to have been established, they must find that there was or was not probable cause.   And it is very generally held improper for the court merely to give a definition of probable cause in general terms, and to submit to the jury the question whether or not the facts in the particular case do or do not come within such definition."

It would be difficult to find a case where the defendant had taken the precautions that Munger observed before proceeding to have the plaintiff's premises searched.   There was a total absence of evidence in the record indicating actual malice; on the contrary, an apparent desire to act with a due regard to the rights of

others, to bring the guilty party to justice, and to protect society against crime and lawlessness.

If, in order to be protected against an action or damages, evidence must be in hand sufficient to insure a conviction before an arrest is made, the right of property is no longer secure, and the path of the criminal has become easy.

Holt, J., concurs in the dissent.

## ON PETITION FOR REHEARING.

### April 29, 1926.

Christian, J. (for the Judges concurring):

In the petition for rehearing the learned counsel contend that the court was inaccurate in the statement that "the plaintiff introduced the search warrant, proved the search and failure to find any of the defendant's goods on the premises. The finding of no goods when the search was made, *prima facie* established that there was no probable cause." It is insisted that in the case of *Saunders* v. *Baldwin*, 112 Va. 431, 71 S. E. 620, 34 L. R. A. (N. S.) 958, Ann. Cas. 1913B., 1044, and *Singer Mfg. Co.* v. *Bryant*, 105 Va. 403, it has been decided that the acquittal of the accused is not proof of want of probable cause. This is no doubt as a general rule sound law, but it was not the exact question discussed in *Saunders* v. *Baldwin, supra.* The question there determined is stated by the court in 71 S. E. 623, 112 Va., on page 441, as follows:

"Upon principle, as well as upon authority, it seems to us that if there be a conviction by a justice or other trial court having jurisdiction of the case, which is reversed upon appeal or writ of error and the accused

acquitted, such judgment of conviction in an action for
malicious prosecution should be held to be conclusive
evidence of probable cause, unless it be shown that it
was procured by the defendant through fraud or by
means of testimony which he knew to be false."

From this statement of the law it may very well be
argued that the converse is true, so that an acquittal
by a justice may be taken as proof of lack of probable
cause; though it seems that the rule is otherwise in
Virginia. However, the instant case does not involve
the effect of either an acquittal or conviction, for there
was no trial of a charge against the plaintiff at any time.
The evidence was never produced until upon the trial
of the instant civil action. On the trial of this case
about thirty-five witnesses were examined, most of
them testifying for the plaintiff, and every circumstance
and detail relative to the transaction was brought out
by elaborate examination and cross examination. What
is said by the court in reference to *prima facie* proof of
probable cause must be taken with reference to the
facts in the present record. The charge made by the
defendant against the plaintiff was not merely one of
concealing stolen goods, but the defendant made oath,
upon which the warrant was issued, that the plaintiff
was himself the thief, and so there was initiated a prose-
cution for theft against the plaintiff at the instance of
the defendant. Upon a failure to find the goods, with
the theft of which Cox was charged, in the house of
Cox, further prosecution under the warrant was aban-
doned. As the case was fully displayed before the jury,
the technical question as to whether a discharge by an
examining magistrate is of and by itself *prima facie*
proof of want of probable cause, so that the plaintiff
can rely upon it, without further proof, as sufficient to
cast the burden of proving probable cause upon the

defendant, is not involved in this case; nor is any such suggestion found in the instructions given to the jury. This question and other corelated matters are the subject of an extensive annotation in 24 A. L. R. 261. If the effect, upon the necessity of showing lack of probable cause, of a discharge by an examining magistrate or an equivalent abandonment of the charge by the prosecution, is an open question in Virginia, it is not necessary for us to pass on it and we do not intend to do so, especially as we are merely acting upon an application for a rehearing.

It is further argued in the petition for rehearing that the advice of counsel learned in the law, under which a person acts in starting a prosecution, is a complete defense when the other requisite circumstances are present, and that in principle this rule of law is referable to the question of probable cause and is conclusive proof of probable cause on the part of defendant. Merely seeking advice of others not learned in the law may fairly be used by counsel in argument as bearing upon the question of probable cause, as the latter is frequently alluded to doctrinally as a "state of mind." It is said by Judge Burks, in his work on Pleading and Practice (2nd ed.), 200-201, that whether the advice of counsel is received simply to repel malice or also to show probable cause is a subject of conflict of authority. And he adds that the true ground would seem to be that it is admissible for the purpose of showing probable cause. But this is rather an academic question. The principle of law is of course settled that advice of counsel defeats plaintiff's case altogether; in the practical application of the law that is a sufficient and complete statement, and it only remains to ascertain what is in fact *advice of counsel.* The doctrinal basis upon which jurists justify the established rule of law is in-

teresting but needs no discussion, and there is nothing in the opinion of the court which necessitates its consideration.

We must adhere to our opinion that the instruction offered by the defendant as No. 6 was properly refused by the trial court. It seems to us to be unnecessarily long and to contain matters not properly related. If it was desired to ask an instruction detailing the facts which, if believed by the jury, would establish the defense resting upon advice of counsel, such an instruction might have been offered for the court's consideration. The instructions given by the court were very full and clear, and covered every phase of the case. The evidence was quite extensive and in conflict on many points. The whole case was fairly submitted to the jury on conflicting evidence, and we are not justified in interfering with their conclusion. A rehearing is denied.

*Rehearing denied.*