## CHARLESTON.

Ray Dunlap, *Infant, Etc.* v. The Chesapeake & Ohio Railway Company

Denver Dunlap, *Infant, Etc.* v. The Chesapeake & Ohio Railway Company

(Nos. 6086, 6087)

Submitted February 13, 1929. Decided April 9, 1929.

*J. S. Lilly* and *Lilly & Lilly,* for defendant in error.

*Fitzpatrick, Brown & Davis* and *C. W. Strickling,* for plaintiff in error.

LITZ, JUDGE:

The plaintiffs, Ray Dunlap and Denver Dunlap, respectively, recovered judgments of $2,999.00 and $1,500.00 against the defendant, Chesapeake & Ohio Railway Company, for false arrest and malicious prosecution.

A sealed freight car of the defendant was broken into in the nighttime near McCorkle, Lincoln county, and six hundred Camel cigarettes, fourteen pounds of Pay Car scrap tobacco, and other articles, of the total value of $27.50, were taken therefrom. The following morning G. C. Beane, a special officer in the employ of the defendant, accompanied by Jeff Estep and L. B. Huffman, in search of the goods and the culprits, followed human tracks from the vicinity of the car up a small water course along which the father of the plaintiffs (with whom they lived) and other persons resided. On a second trip in the afternoon of the same day, they discovered (according to their testimony) in a small building about three hundred feet from the. Dunlap residence two packages of Camel cigarettes, two bags of Pay Car scrap tobacco, a bottle containing hair tonic (similar to some missing from a freight car of defendant previously broken into at McCorkle), and other small articles of merchandise. They testified also that the plaintiffs, Ray Dunlap and Denver Dunlap, and their cousin, Fred Dunlap, (who were 16, 18 and 17 years of age, respectively), fled from near it as they approached the building. The three Dunlaps admit being close to the building,

188

when the searchers appeared on the scene, but state that they were then in the act of leaving and did so in an orderly manner to repair some fencing and attend to other duties. The boys were arrested later in the afternoon by Beane, Estep and Huffman, taken to the station house of the defendant at McCorkle, there detained until the following morning, and then arraigned before a justice on a warrant charging them with breaking and entering the railway car. Beane and another police agent of the defendant requested the postponement of the trial until further evidence could be secured. The justice, upon objection of the plaintiffs, refused to postpone the trial, and, no evidence being offered by the state, dismissed the warrant.

The ground for reversal in each case is that the evidence does not establish want of probable cause for the arrest or prosecution. In determining this question it is important to consider not only abandonment of the prosecution by defendant, but also the statement of Beane soon after the dismissal of the warrant and his testimony while testifying as a witness for the defendant in these cases. A few hours after the release of the plaintiffs, Beane in conversation with their attorney said: ''I knew all the time we did not have any evidence against the boys.'' He also testified at the trial of these cases, in an effort to deny responsibility for the arrest or prosecution, ''I didn't have anything to do with securing any warrant; *there was no evidence for getting any warrant on.*'' It is evident from this testimony that Beane, who, according to the evidence for the plaintiffs, was chargeable with the arrest and prosecution, did not believe at the time that he was acting upon probable cause. Is good faith on the part of the prosecutor an element of probable cause? Point 14 of the syllabus in *Vinal* v. *Core,* 18 W. Va. 1, states: ''The opinions, beliefs and motives of the defendant form no part of the basis of probable cause, and are not to be considered in determining whether probable cause exists or not.'' The opinion of the court, by JUDGE GREEN, summarizes a discussion of ''probable cause'', as follows: ''My conclusion, therefore, is that probable cause for instituting a prosecution is such a state of facts actually existing known to the prose-

cutor personally or by information derived from others, as would in law justify the setting on foot of the prosecution, that is, such as in the judgment of the court would lead a man of ordinary caution *acting conscientiously* upon these actual facts to believe the person guilty. These views are sustained in my judgment not only by reason, but by the weight of the authorities." Among other authorities cited as supporting the "conclusion", are *Spengler* v. *Davy*, 15 Gratt. 381, and *Scott & Boyd* v. *Shelor*, 28 Gratt. 891. The first of these cases holds that "Justifiable probable cause for suing out an attachment against the effects of a debtor, is *a belief* by the attaching creditor in the existence of the facts essential to the prosecution of the attachment, founded upon such circumstances as supposing him to be a man of ordinary caution, prudence and judgment, were sufficient to produce such belief." In the opinion of the court, by Judge Daniel, it is stated: "Accordingly, the cases are, generally, found holding that probable cause consists in the concurrence of *belief* of guilt with the existence of facts and circumstances, sufficiently strong to warrant such belief; or in other words, that probable cause is, substantially, *belief* of guilt founded on reasonable grounds. *Cabiness* v. *Martin*, 3 Dev. Law R. 455; *Ralson* v. *Jackson*, 1 Sneed's R. 128; *Hall* v. *Suydam*, 6 Barb. S. C. R. 83; *Foshay* v. *Ferguson*, 2 Denio R. 438; *Faris* v. *Starke*, 3 V. Monr. R. 4; and cases cited in 1 Am. Lead. Cas. 213-14." Judge Burks, who wrote the opinion in the second case, approaching a discussion of the evidence on "probable cause", said: "I proceed to inquire whether the defendants, Scott & Boyd, at the time they instigated or procured the prosecution of the plaintiff for the offense of which he was charged, believed him to be guilty, and whether such belief was warranted by the facts and circumstances then within their knowledge, taking them to be men of ordinary caution, prudence and judgment?" A recent decision of Virginia holds that "the *honest belief* of a person commencing a criminal prosecution against another in the guilt of the accused is an essential element of fact for him in showing probable cause or in disproving the want of it." *Munger* v. *Cox*, 146 Va. 574, 131 S. E. 841. "In order that probable cause for

the institution of criminal prosecution may exist, there must be a *bona fide* belief in the guilt of the accused. Probable cause cannot exist where a party is proved to believe that a charge is unfounded. Even if the facts show a *prima facie* ground for prosecution, the party instituting it is liable for malicious prosecution if he knew of facts negativing the *prima facie* case; and where the prosecution is not in good faith, and for proper purpose, the existence of facts which might have justified the belief on his part of the existence of probable cause will not constitute a defense." 38 C. J. 408. "Some courts have held that the phrase 'probable cause' should be made to refer to the state of facts, as it represents the person prosecuted, and not to the degree of knowledge of that fact in the party prosecuting, and that the real inquiry in an action for malicious prosecution is whether there was probable cause for the prosecution, not the knowledge or belief of the party prosecuting as to its existence, but the generally accepted view is that probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution, and that the reasonable and probable cause must appear to have existed in the defendant's mind at the time of his proceeding. The latter holding seems to be supported by the better reasoning and more in accord with principle. The wrongful conduct of the defendant is what makes the liability, for the plaintiff's loss is the same in any event. If facts unknown to the defendant were sufficient to make out presence of probable cause, his personal belief would be immaterial. But the courts require both an honest belief in the accused's guilt, and that such belief be supported by circumstances sufficiently strong in themselves to warrant a cautious man in that belief. * * * So in the case of a civil suit it is generally held that facts and circumstances which lead to the inference that the person instituting such suit was actuated by an honest and reasonable conviction of its justice are sufficient to establish probable cause." 18 R. C. L., 36. "Probable cause is not made out if the defendant knew facts sufficient on their face to make the guilt of the plaintiff reasonably probable, but did not believe the facts or

believe the plaintiff guilty. *It is essential that the prosecutor believe in the guilt of the accused."* Cooley on Torts, page 327. "Generally, however, when limited to criminal offenses it may be said that probable cause arising out of facts and circumstances sufficiently cogent and persuasive to induce a prudent and cautious man, acting in good faith and from justifiable motives, to believe the accused guilty." *Haddad* v. *C. & O. Ry. Co.,* 77 W. Va. 710.

In an exhaustive note on "probable cause" as a defense to an action for malicious prosecution, L. R. A., 1915-D, 79, it is said that the belief of the defendant in the guilt of the plaintiff, or which is the same thing, in the truth of the charge made against that person in the prosecution complained of, is a material element in probable cause, seems to be clearly recognized, either expressly or impliedly, by all the definitions of that defense. The elaborate note to *Ross* v. *Nixon,* 26 A. S. R., 140, states: "That the prosecutor did not believe the accused was guilty, or did not believe there was probable cause for his prosecution, is certainly a very material circumstance, whether it necessarily negatives the defense of probable cause or not. Whether circumstances sufficient to create a belief in the mind of a reasonable man that the accused was guilty of the crime, charged, and which, if believed by the prosecutor, would sustain the defense of probable cause, lose their power to shield him upon proof being made that they did not generate that belief in his mind, is not clearly settled, some of the cases indicating that his want of belief is admissible merely to disprove the existence of probable cause, and others that such want of belief is conclusive against this defense."

Whether non-belief of the prosecutor in the guilt of the person charged with crime is conclusive of want of probable cause for the prosecution or merely evidence of that fact, this Court would not be warranted in holding that the evidence of bad faith on the part of Beane and the other testimony in the case are not sufficient to establish want of probable cause for the arrest and detention of the plaintiffs. Certainly, in the absence of evidence that all of the facts known to Beane at the time of the arrest were presented at the trial,

192

there is no reason for questioning his statement that "there was no evidence for getting any warrant on." No effort has been made to prosecute the plaintiffs since the dismissal of the warrant. "Probable cause for prosecution for a crime depends upon the honest and reasonable belief of the person commencing the prosecution." *Homer* v. *Watts*, (Ore.), 228 Pac. 135, 34 A. L. R., 1489. "The question, in short, in these cases, is not whether there was in fact a sufficient cause for the prosecution, but whether the prosecutor, as a reasonable man, believed there was. The very term, 'reasonable and probable cause', necessarily implies this. * * * And it is held that, though there was in point of fact ground for the prosecution, if this was not known to the prosecutor, or was disbelieved by him, there is evidence of want of probable cause." Bigelow's Leading Cases on the Law of Torts, 198. This is sound principle. Why should one be protected, on the ground of probable cause, in putting on foot a prosecution in which he has no faith?

The judgments are, therefore, affirmed.

*Affirmed.*