Joe W. CLARKE, Appellant,

v.

MONTGOMERY WARD & COMPANY, Inc., Appellee.

No. 8403.

United States Court of Appeals Fourth Circuit.

Argued Oct. 18, 1961.

Decided Jan. 5, 1962.

Robert J. Stanford, Washington, D. C. (William B. Clinch, McLean, Va., on brief), for appellant.

Daniel W. Wilkinson, Jr., Newport News, Va. (Charles E. Ford and Murray, Ford, West & Wilkinson, Newport News, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and BELL, Circuit Judges.

SOBELOFF, Chief Judge.

Summary judgment was entered for the defendant, Montgomery Ward & Company, in an action for malicious prosecution instituted by the plaintiff, Joe W. Clarke, in the United States District Court for the Western District of Virginia. The issue here is whether, on the pleadings, depositions, admissions, and affidavits before the District Court, there was raised a material issue of fact as to the existence of probable cause for the criminal proceedings unsuccessfully prosecuted in the state courts against the plaintiff.

The documents before the District Court showed that Clarke was the manager of the Montgomery Ward & Company catalogue store in Lynchburg, Virginia, from January 9, 1957, until the first week in August, 1957, when he was transferred to the Roanoke store. Sometime in October, 1957, the company, suspecting irregularities in the finances of the Lynchburg and Roanoke stores, sent John C. Douglass, one of its internal auditors, and John Natale, a protection superintendent, to investigate. After a brief review of the company books in Lynchburg, Douglass and Natale went to Roanoke where, on the afternoon of October 21, they questioned Clarke about certain shortages. He gave them two written statements in which he admitted taking money for his personal use, although not as much as he was suspected of taking. He also disclosed to them the deceptive methods employed by him to cover up his defalcations.

Returning the following day to Lynchburg, Douglass and Natale conferred with the Commonwealth Attorney, Royston Jester, III, who advised them to swear out a warrant. After Clarke's arrest, he gave the police another state-

ment, written and signed by him, confessing his methods of embezzlement. Thereafter, but before Clarke's trial, Douglass made an audit of the Lynchburg store which served as the basis for a Bill of Particulars furnished Clarke in the criminal prosecution. After Clarke's acquittal by a jury, he brought this suit in the District Court under its diversity jurisdiction.

With its motion for summary judgment the defendant submitted Clarke's three incriminating statements, an affidavit of the Commonwealth Attorney, and depositions of Douglass and Natale taken by the plaintiff. In opposition, the plaintiff submitted his own affidavit, reciting that after filing this civil action he examined such of the records of the Lynchburg store as the company permitted him to see, and that from this he had reached the conclusion that all of the missing money could be accounted for. Plaintiff contends that a material issue of fact was thus raised which must be resolved at a trial by a jury. His theory is that if Douglass' audit, made after the arrest, in fact revealed no shortages, then there was no longer probable cause, since it became the defendant's duty to inform the Commonwealth Attorney that there was no ground for proceeding with the criminal prosecution.

■ We would be disposed to agree with the plaintiff's view of the law, even though there appear to be no Virginia cases specifically in point. A person who places before a prosecuting officer information upon which criminal proceedings are begun, and who later acquires additional information casting doubt upon the accused's guilt, should be under an obligation to disclose his discovery to the prosecutor. It should be no defense that the accuser acted in good faith in initiating the prosecution, if he remains silent and allows it to go on when he later learns that he was in error. Nevertheless, we find Clarke's affidavit insufficient to raise a material issue of fact calling for the application of such a rule of law.

It is notable that although the plaintiff's contention in brief and oral argu-

ment is predicated upon the defendant's asserted failure to disclose the result of Douglass' audit to the prosecuting authorities, there is actually no such allegation in Clarke's affidavit. Indeed, both Clarke's affidavit and Douglass' deposition taken by Clarke's attorney plainly show that the Bill of Particulars supplied to Clarke at his criminal trial by the Commonwealth Attorney was based upon the audit made by Douglass. The inescapable conclusion is that the Commonwealth Attorney was fully informed about the results of Douglass' audit.

Furthermore, Clarke's affidavit alleges only that he can specifically account for twenty-six of the forty-one shortages. Although he asserts that he could explain the remaining shortages if Montgomery Ward & Company were disposed to reveal to him the complete records of the Lynchburg store, no reason is given why the plaintiff did not avail himself of the discovery devices of the Federal Rules of Civil Procedure, particularly Rule 34, 28 U.S.C.A., to require the company to produce the desired documents. However, these defects in the plaintiff's affidavit are not the only ground on which we rest our decision.

■ The standard laid down for district courts in passing on motions for summary judgment is strict. "The motion for summary judgment * * * should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir., 1950); see Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4th Cir., 1951). Furthermore, it is a settled rule that in a suit for malicious prosecution, what constitutes probable cause is a question of law for the judge to decide. Alexander v. Alexander, 229 F.2d 111, 116–117 (4th Cir., 1956); Munger v. Cox, 146 Va. 574, 584, 131 S.E. 841, 844, 132 S.E. 687 (1926). Therefore, in the present case, summary judgment may properly be entered if the facts which are undisputed make out the defense of probable cause. For the pur-

pose of reviewing this summary judgment order, we shall assume that the undisputed facts are those contained in Clarke's affidavit, read in the light most favorable to him. However, even if we treat the records of the Lynchburg store as insufficient to prove shortages, the defense of probable cause has been established.

■ ■ The test for probable cause in Virginia is whether "the facts proven would *excite the belief* in a reasonable mind that the person accused is guilty of the crime for which he was being prosecuted." Munger v. Cox, 146 Va. 574, 584, 131 S.E. 841, 844, 132 S.E. 687 (1926); see Brodie v. Huck, 187 Va. 485, 488–489, 47 S.E.2d 310, 312 (1948). The two written statements of Clarke, admitting to Douglass and Natale his malfeasances and describing his methods of concealment, furnished ample probable cause for taking the case to the Commonwealth Attorney initially and for not later requesting termination of the criminal proceedings. The Virginia courts have held that incriminating information from an accomplice creates probable cause. Southern Ry. Co. v. Mosby, 112 Va. 169, 177–181, 70 S.E. 517, 519–521 (1911). It is a much stronger case when the information, explicitly confessing the crime, comes from the accused himself. Even if a thorough examination of the Lynchburg store records by Douglass failed to reveal shortages attributable to Clarke, this would not induce a reasonable man to disbelieve his confessions and to request the termination of criminal proceedings already begun. Clarke's present belief that he could account for all of the items mentioned in the Bill of Particulars likewise does not retroactively diminish the force of his confessions as probable cause.

■ It is true that in a supplemental affidavit tendered by Clarke in support of a motion for rehearing, he alleges for the first time that his first two incriminating statements were given to Douglass and Natale under coercion after excessively protracted interrogation and false promises. This affidavit was properly rejected by the District Court under Rule 56(c) of the Federal Rules of Civil Procedure because it was submitted nine days after the hearing and decision on the motion for summary judgment. To accord the defendant the benefit of any possible doubt, we have nevertheless examined the affidavit and find therein no facts supporting the bald allegation that the statements were involuntary or coerced. Thus, there was nothing in the circumstances surrounding the giving of these statements to afford Douglass and Natale any reason to disbelieve them. Indeed, the fact that the plaintiff did not repudiate these statements or attempt to explain them away when the motion for summary judgment was under consideration, strongly suggests that the supplemental affidavit was a mere afterthought.

Affirmed.