28 F.3d 1210
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory E. LEWIS, Plaintiff-Appellant,
v.
E.A. McDORMAN, Defendant-Appellee.
 No. 93-1736.
 United States Court of Appeals, Fourth Circuit.
 Argued April 13, 1994.
Decided July 19, 1994.
 
 1
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. B. Waugh Crigler, Magistrate Judge. (CA-91-22-H)
 
 
 2
 Argued: Sa'ad El-Amin, El-Amin & Crawford, P.C., Richmond, VA, for Appellant.
 
 
 3
 Argued: James Walter Hopper, Richmond, VA. On brief: Beverly D. Crawford, El-Amin & Crawford, P.C., Richmond, VA, for Appellant.
 
 
 4
 W.D Va.
 
 
 5
 AFFIRMED.
 
 
 6
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and HARVEY, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 HARVEY, Senior District Judge:
 
 7
 Appellant Gregory Lewis filed suit under 42 U.S.C. Sec. 1983 in the United States District Court for the Western District of Virginia, alleging that appellee E.A. McDorman, a detective of the Harrisonburg Police Department, had deprived him of his rights under the Fourth and Fourteenth Amendments. Lewis claimed that McDorman had initiated and pursued criminal proceedings against him without probable cause to believe that Lewis had committed the offense with which he was charged. Pendent state law claims were also alleged against McDorman for malicious prosecution and false imprisonment.
 
 
 8
 The parties having consented pursuant to 28 U.S.C. Sec. 636(c)(2), the case was referred to United States Magistrate Judge B. Waugh Crigler for any and all proceedings, including trial. Cross-motions for summary judgment were denied by the magistrate judge, and the case then proceeded to trial before a jury. After a two-day trial, the jury returned a verdict in favor of McDorman on all counts. Lewis then appealed to this Court pursuant to 28 U.S.C. Sec. 636(c)(3). Because we conclude that there was substantial evidence to support the jury's verdict, we affirm.
 
 
 9
 * In January of 1990, Sylvester Strother, an admitted crack cocaine addict, was approached by Detective McDorman and asked to serve as an undercover informant. Strother agreed to cooperate and was directed by McDorman to attempt to make a controlled purchase of cocaine from Gregory Lewis,[1] whom Strother knew. McDorman gave Strother $100 in pre-marked bills and fitted him with a hidden microphone and transmitter.
 
 
 10
 Strother met with Lewis at the latter's home on January 9, 1990. McDorman and Detective Tom Hoover, another Harrisonburg police officer assigned to the case, were unable to observe Strother and Lewis the entire time that they were together. However, the detectives were able to listen to what transpired by way of the transmitter hidden on Strother. In the course of monitoring the conversation between Strother and Lewis, both McDorman and Hoover believed that they overheard incriminating statements indicating to the detectives that Strother and Lewis had engaged in an illegal drug transaction.
 
 
 11
 Strother later met McDorman at a pre-arranged location and told McDorman that he had been successful in his attempt to purchase cocaine from Lewis with the $100 which McDorman had given him.[2] Strother then produced a plastic bag containing a white, powdery substance, which Strother represented to be the cocaine he had just purchased from Lewis.
 
 
 12
 McDorman then referred the matter to the Office of the Commonwealth's Attorney for the City of Harrisonburg and Rockingham County, Virginia, for prosecution. Thereafter, McDorman sent the plastic bag given to him by Strother to the state forensic science laboratory in Roanoke, Virginia. The white, powdery substance in the bag was analyzed by a state chemist, who set forth her findings in a Certificate of Analysis dated February 15, 1990. The Certificate indicated that the substance submitted for analysis did not contain cocaine nor any other controlled substances. Copies of the Certificate were sent both to McDorman and to the Office of the Commonwealth's Attorney.
 
 
 13
 On March 19, 1990, nearly a month after he had received a copy of the Certificate, McDorman appeared and testified before a Rockingham County grand jury which was investigating the narcotics charge against Lewis. That same day, the grand jury returned a sealed indictment against Lewis for "knowingly, intentionally and feloniously distribut[ing] a Schedule II controlled substance, to-wit: Cocaine," in violation of Va.Code Ann. # 8E8E # 18.2-248.A, 54.1-3448.1. In April of 1990, Lewis was arrested and charged under the indictment. Following his arraignment, Lewis spent three days in jail before he was released on a $2500 bond.
 
 
 14
 Lewis was never tried on the indictment. In December of 1990, the prosecutor, because of growing doubts concerning the credibility of Strother and because the substance turned over to McDorman had turned out not to be cocaine, amended the indictment to charge Lewis with attempted distribution of a Schedule II controlled substance. A month later, all charges against Lewis were dismissed pursuant to an Order of nolle prosequi entered by the Circuit Court of Rockingham County.
 
 II
 
 15
 Lewis first argues that the magistrate judge below erred in denying his motions for judgment as a matter of law, which were timely made during and after the trial pursuant to Rule 50, F.R.Civ.P. Relying on the negative findings contained in the Certificate and on evidence produced at the trial concerning the unreliability of Strother as an informant, Lewis argues that McDorman could not reasonably have believed at the time of his grand jury testimony that Lewis had engaged in an illegal drug transaction with Strother on January 9, 1990. According to Lewis, the evidence produced at the trial convincingly established that appellee McDorman withheld exculpatory evidence from the grand jury and that he did so with the intention that Lewis be arrested and prosecuted for a crime which he did not commit.
 
 
 16
 In reviewing the denial by the magistrate judge of Lewis' motions for judgment as a matter of law, this Court must affirm if, when the evidence is viewed in the light most favorable to appellee McDorman, there are any reasonable grounds to support the jury's verdict. Goodwin v. Metts, 885 F.2d 157, 160 (4th Cir.1989), cert. denied sub nom., Maxwell v. Goodwin, 494 U.S. 1081 (1990). In making such a determination, this Court is not free to weigh the evidence, to pass on the credibility of testimony, or to substitute its judgment of the facts for that of the jury. Id. at 160-61. Rather, the jury's verdict should be disturbed " 'only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably [have denied] relief.' " Id. at 161 (quoting Aloe Coal Co. v. Clark Equip. Co., 816 F.2d 110, 113 (3d Cir.1987)).
 
 
 17
 After reviewing the evidence presented at the trial below in a light most favorable to McDorman, we conclude that substantial evidence was presented to support the verdict returned by the jury in favor of McDorman on all counts. Lack of probable cause was an essential element of each of the causes of action alleged by Lewis. See Goodwin v. Metts, 885 F.2d at 160 n. 1 (setting forth elements of a Sec. 1983 claim for wrongful prosecution); Oxenham v. Johnson, 402 S.E.2d 1, 4 (Va.1991) (malicious prosecution); Yeatts v. Minton, 177 S.E.2d 646, 649 (Va.1970) (false imprisonment). Based upon the testimony presented at the trial below, the jury could reasonably have found that McDorman had probable cause at the time of his grand jury testimony to believe that Lewis had committed an offense involving the distribution of a controlled substance.
 
 
 18
 Heavy reliance is placed by appellant Lewis on the negative findings in the Certificate. However, the fact that testing of the substance revealed that it was not cocaine was brought to the attention of the grand jury by McDorman. Moreover, conversations which McDorman overheard between Lewis and Strother could "excite the belief in a reasonable mind" that an illegal drug transaction had taken place. See Clarke v. Montgomery Ward & Co., 298 F.2d 346, 349 (4th Cir.1962) (quoting Munger v. Cox, 131 S.E. 841, 844 (Va.1926)). The mere fact that the substance which Strother turned over to McDorman was not cocaine did not, under the circumstances here, necessarily mean that an illegal drug transaction had not occurred. As McDorman testified at the trial below, the negative findings could be explained as follows: first, there might have been a switch by Strother; second, Lewis may have tried to pass off a counterfeit substance as real cocaine; or third, Lewis may not have known that the substance which he had sold to Strother was not in fact cocaine.
 
 
 19
 Although counsel for Lewis vigorously cross-examined McDorman at the trial and disputed his characterization of his grand jury testimony and in particular his explanation to the grand jury that the negative findings in the Certificate could be explained as indicated hereinabove, the jury was entitled to credit other portions of McDorman's testimony indicating that he had probable cause to believe that Lewis had committed the crime charged. It was for the jury to determine the credibility of McDorman and the other witnesses who testified at the trial. On the record here, the jury could have reasonably concluded that McDorman acted in good faith in testifying before the grand jury and that he possessed probable cause to believe that Lewis had committed the offense with which he was charged.
 
 
 20
 Accordingly, we conclude that there was substantial evidence to support the jury's verdict and that the magistrate judge did not err in denying Lewis' motions for judgment as a matter of law.
 
 III
 
 21
 In view of our conclusion that there was substantial evidence to support the jury's verdict and that judgment was properly entered in favor of appellee, we need not address the other argument advanced by Lewis in this appeal, namely that the magistrate judge erred in denying prior to trial Lewis' motion for summary judgment. The denial of a pretrial motion for summary judgment has generally been held not to be a proper point for consideration on appeal from a final judgment rendered after a full trial on the merits of the case. See, e.g., Boyles Galvanizing & Plating Co. v. Hartford Acc. & Indem. Co., 372 F.2d 310, 312 (10th Cir.1967); Dutton v. Cities Service Defense Corp., 197 F.2d 458, 459 (8th Cir.1952); see also Metropolitan Mortgage Fund, Inc. v. Basiliko, 288 Md. 25, 27-29 (1980) ("[A]n appellate court should be loath indeed to overturn ... a final judgment on the merits entered in favor of the party [which] resist[ed] the summary judgment motion").
 
 
 22
 To grant review of an earlier order denying the losing party's motion for summary judgment following a full trial on the merits would be unjust to the party who prevailed at the trial. Such an approach would permit a decision based on less evidence to prevail over a decision based on more evidence and would impermissibly interfere with the factfinder's proper role in our legal system. See R.F. Chase, Annotation, Reviewability of Order Denying Motion for Summary Judgment, 15 A.L.R.3d 899, 922 at Sec. 9[a] (1967 & Supp.1993), and cases cited therein.[3]
 
 IV
 
 23
 Because we find that there was substantial evidence of record to support the jury's verdict, we conclude that the magistrate judge did not err in denying Lewis' motions for judgment as a matter of law. We further conclude that appellant Lewis is not entitled in this appeal to challenge, following trial, the earlier denial by the magistrate judge of his motion for summary judgment. The judgment below is accordingly affirmed in all respects.
 
 AFFIRMED
 
 
 [1]
 Lewis had previously served time in state prison, having been convicted of several felonies including a narcotics offense. He was on probation in January of 1990
 
 
 [2]
 Strother later testified at the trial that he had lied to McDorman
 
 
 [3]
 Were the issue properly before us on this appeal, the magistrate judge's denial of Lewis' motion for summary judgment would be affirmed. There were clearly disputed issues of material fact in the record then before the magistrate judge, precluding the entry of summary judgment at that earlier stage of the case