**Joseph Wayne WEDDLE, Appellant,**

v.

**DIRECTOR, PATUXENT INSTITU-TION, Appellee.**

**No. 14498.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 11, 1970.

Decided Dec. 30, 1970.

William B. Kerkam, III, Washington, D. C., court-assigned (Bremner, Byrne & Baber, Richmond, Va., on brief) for appellant.

Alfred J. O'Ferrall, III, Asst. Atty. Gen. of Md. (Francis B. Burch, Atty. Gen. of Md., on brief) for appellee.

Before MURRAH, Senior Judge,* and BOREMAN and WINTER, Circuit Judges.

WINTER, Circuit Judge:

In a suit purportedly under the Civil Rights Act of 1871, 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343(3), seeking, *inter alia*, to obtain the return of, or reimbursement for, personal property of a

* Of the Tenth Circuit, sitting by designation.

value of $3.52, the district court ruled that it lacked jurisdiction of the subject matter and dismissed the complaint. We affirm.

I

The district court dismissed the complaint without requiring the filing of an answer. We, therefore, accept as true, for purposes of this appeal, the allegations contained in several informal documents which, correctly, the district court treated collectively as a complaint.

Plaintiff is an inmate at Patuxent Institution, Jessup, Maryland. On August 18, 1969, two custodial officers, acting under the directions of the superintendent, took from his person various articles of personal property—stamps, cigarettes, clothing and toothpaste—having an aggregate value of $3.52. The articles were allegedly contraband, and plaintiff was punished for possessing them. As additional punishment, the articles were confiscated and placed in the "poor boy's box" for distribution to other inmates. Because the articles were purchased in the commissary of the institution and because their possession and use did not violate any law, plaintiff has been deprived of his property without due process of law.

II

The appeal presents troublesome questions of the interrelationship between and overlapping of 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343(3). Plaintiff has alleged deprivation of his property without due process of law as guaranteed by the fourteenth amendment. Jurisdiction would lie under 28 U.S.C.A. § 1331, as a civil action arising under the Constitution of the United States, only if the amount in controversy exceeded the sum or value of $10,000, exclusive of interest and costs. Plaintiff quite clearly alleged that the amount is only $3.52.

But jurisdiction would apparently lie under 28 U.S.C.A. § 1343(3), as a civil action to redress the deprivation under color of state law, statute, ordinance, regulation or custom of any right, privilege or immunity secured by the Constitution of the United States, without any allegation of the amount in controversy. We must, therefore, decide if 28 U.S.C.A. § 1343(3) may be invoked. We have not had occasion to touch upon this question except in an unpublished memorandum decision, Wiggins v. Cox, Mem. No. 13,898 (4 Cir., October 29, 1969), discussed hereafter. Because of increasing resort to § 1343(3) on the part of state prisoners and others, it is appropriate that we decide now which section governs. There is absent a controlling Supreme Court decision.

We are persuaded by Judge Friendly's analysis of the problem in writing for the Court in Eisen v. Eastman, 421 F.2d 560 (2 Cir.1969), and we have concluded to adopt the holding of that case. Succinctly stated, Judge Friendly, proceeding from the premise that the apparent overlap between §§ 1331 and 1343(3) should be explained in some rational way, adopted the rationale advanced by Mr. Justice Stone in his separate opinion, concurred in by two other Justices, in Hague v. C.I.O., 307 U.S. 496, 59 S. Ct. 954, 83 L.Ed. 1423 (1939), in which there was no majority opinion. The formulation of Mr. Justice Stone was that § 1343(3) applied "whenever the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights." 307 U.S. at 531, 59 S.Ct. at 971. Where, as here, the infringement is one solely of property rights, § 1331 is the applicable jurisdictional statute, and jurisdiction may be sustained only upon satisfaction of the amount in controversy requirement.[1]

1. For a case similar in fact which reaches the same result, see Howard v. Higgins, 379 F.2d 227 (10 Cir. 1967). Two recent three-judge cases discuss and apply the personal liberty-property right concept. See Lynch v. Household Finance Corporation, 318 F.Supp. 1111 (D.Conn.1970); Santiago v. McElroy, 319 F.Supp. 284 (E. D.Pa.1970). See also Campagnuolo v. Harder, 319 F.Supp. 414 (D.Conn.1970); Roberts v. Harder, 320 F.Supp. 1313 (D. Conn.1970).

**344**

In adopting this statement of the law, we depart from the literal language of *Wiggins*, but not the result. In *Wiggins* the prisoner sought redress for an alleged discriminatory denial of mailing privileges and confiscation, by prison officials, of certain items of personal property. We decided that the prisoner had alleged a good cause of action under § 1343(3) with respect to his mailing privileges. With regard to his property claim, we also decided that, although the "property may have been of little value," the prisoner had alleged a good cause of action under § 1343(3) because the fourteenth amendment forbids a state to deprive a person of property without due process of law.

We now depart from the breadth of the latter statement, because we hold that jurisdiction over purely property claims may be founded only upon § 1331 and property of "little value" would not establish the requisite amount in controversy. However, Wiggins' property claim was clearly pendent to a claim of denial of personal liberty, and it was proper to direct the district court to make further inquiry as to it under the doctrine of pendent jurisdiction.

In contrast, plaintiff has alleged only a denial of his right to property. While it could be argued that the taking of his property necessarily involved some degree of infringement upon a right of privacy, the infringement would be no greater than the infringement inherent in any tortious taking and would not be enough to support a separate claim under § 1343(3). Plaintiff has also alleged inaction on the part of the state's attorney and the superintendent of the institution to respond to his demand that they recover his property or punish the wrongdoers. But, we agree with the district court that the allegations are insufficient to allege an actionable conspiracy so that there is no § 1343(3) claim to which the property claim may be ancillary.

The judgment of the district court is

Affirmed.