**Ernesto MONTANA, Jr., Petitioner-Appellant,**

v.

**Lan E. HARRELSON, Warden, Texas Department of Corrections, Respondent-Appellee.**

No. 72–1484

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1972.

---

1. Alaska Stat. § 33.30.060(b).

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al, 5th Cir. 1970, 431 F.2d 409, Part I.

Stephen R. Thompson, Dallas, Tex., court appointed, for petitioner-appellant.

Crawford Martin, Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Appellant sued the warden of his Texas state correctional institution under 42 U.S.C.A. §§ 1982, 1983 (1970), seeking damages for an alleged seizure of personal property. He alleged jurisdiction by virtue of 28 U.S.C.A. § 1343. The district court dismissed the complaint for lack of jurisdiction.

The court assumed for the purpose of argument that the defendant had taken certain personal property from the plaintiff and had refused to return it to him. The court dismissed the complaint for lack of federal jurisdiction on the ground that "Section 1983 does not extend to property and monetary rights generally," and that Section 1982 requires the deprivation of property to be racially motivated, which was not alleged. The court thus relied on the traditional view that the exception provided in Section 1343 (3) to the minimum amount in controversy requirement for federal jurisdiction was limited to deprivation of personal liberty, which is incapable of money valuation. This view originated in Justice Stone's concurring opinion in Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939).

Subsequent to the dismissal of this case by the district court, however the United States Supreme Court specifically rejected the property right-personal liberty dichotomy in Lynch v. Household Finance Co., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), which holds that there is no distinction between personal liberties and proprietary rights with respect to jurisdiction under 28 U.S.C.A. § 1343(3), and that the jurisdictional amount provided by 28 U.S.C.A. § 1331 (a) is not required in a Section 1983 action. The Supreme Court then granted certiorari in Weddle v. Director, Patuxent Institution, 436 F.2d 342 (4th Cir. 1970), and vacated and remanded the dismissal for lack of jurisdiction for further consideration in the light of Lynch, 405 U.S. 1036, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). The Weddle case, similar to the one at bar, involved a suit for personal property valued at $3.52.

The order of dismissal is vacated and the case is remanded to the district court for reconsideration of the jurisdictional issue in the light of Lynch.

We express no opinion at this stage of the proceeding as to whether or not there are any other grounds for dismissal of the complaint for lack of federal court jurisdiction.

Vacated and remanded.