**Larry James BARTLETT, Plaintiff,**

v.

**M. W. WHEELER, Defendant.**

**Civ. A. No. 72–C–149–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

July 5, 1973.

Wade H. Ballard, III, Peterstown, W. Va., and H. N. Osborne, Pearisburg, Va., for plaintiff.

Garnett S. Moore, Moore & Groseclose, Pulaski, Va., for defendant.

### Ruling On Motion To Dismiss

DALTON, Chief Judge.

Plaintiff filed this complaint on November 28, 1972, and asserts jurisdiction under 28 U.S.C.A. § 1343, 42 U.S.C.A. §§ 1983 and 1985. While plaintiff argues denial of his constitutional rights under color of state law, he does not allege a conspiracy to interfere with his civil rights, which is the essence of a § 1985 action.

Plaintiff alleges that on September 8, 1972 the defendant swore out a complaint against him and that he was subsequently arrested and incarcerated. At a subsequent trial of the plaintiff on October 4, 1972, he was acquitted by the Trial Justice of the Pulaski County Court. Plaintiff alleges that he was not involved in the original incident, an automobile accident, which occurred on September 8, 1972, and that there was no probable cause for his arrest. He alleges that this arrest deprived him of his liberty without due process of law, and that he suffered embarrassment and discomfort and loss of employment because of it. He seeks $50,000 in damages.

Defendant has filed an answer and motion to dismiss and asserts that a warrant was sworn out against the plaintiff based upon reliable information from witnesses, which was probable cause for the arrest. Defendant moves to dismiss this complaint because it fails to show that the plaintiff has been denied due process under state law, nor does it allege denial of civil rights under state law.

 The primary issue for the court to consider is whether or not there was probable cause for the arrest, for if there was probable cause, the arrestee has no valid claim against the arresting officer, even if his innocence is later proven. In a Supreme Court ruling, Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), Mr. Chief Justice Warren, writing the majority opinion stated:

> Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved . . . A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does. Id. at 555, 87 S.Ct. at 1218.

The facts of the present case, shown in affidavits filed by both plaintiff and defendant, indicate that on September 8, 1972, Ralph M. Hughes was riding in his car with his wife, mother and daughter in Pulaski, Virginia, and as his wife was entering a parking space, a car backed into his car, causing $300 worth of damages. The car then drove away

without stopping. Sworn affidavits filed by Ralph M. Hughes, his wife Ann R. Hughes and Ruth Davis, wife of Henry Davis, indicate that immediately after the accident, a witness, Henry Davis, whom Ralph Hughes knew, called Mr. Hughes to his car parked nearby and told him that Larry Bartlett was the driver of the hit-and-run vehicle. Mrs. Hughes then called the police, and the defendant, Sergeant M. W. Wheeler of the Pulaski Town Police, arrived shortly thereafter. Sergeant Wheeler states in his affidavit that the Hughes told him that Larry Bartlett was the driver of the hit-and-run vehicle and that Henry Davis, who was sitting in his car at the scene of the accident with his wife, had told the Hughes that the driver was Bartlett. Sergeant Wheeler then went over to Mr. Davis, who told him that the driver of the car was Larry Bartlett of Stafford's Hill. This was attested to in sworn affidavits by Ralph Hughes, his wife Ann Hughes, Ruth Davis, Sergeant Wheeler and Ronald LaRue, manager of the Fast Shop Market, located near the scene of the accident, although in a subsequent unsworn affidavit, Mr. LaRue states that he told the police that Mr. Davis said it was Larry *Bartley* who was driving the car. Based upon this information, the defendant obtained a warrant for plaintiff's arrest. On September 10, 1972, plaintiff was served with the warrant and refused to accept bail and was put in Pulaski County Jail. The following day he posted bond and was released. In a trial held on October 4, 1972, in Pulaski County Court, the plaintiff was found not guilty.

Larry Bartlett and his father Ed Bartlett have filed affidavits which essentially state that during the trial, Mr. Davis testified under oath that he did not tell Sergeant Wheeler that Larry Bartlett was the driver of the car. Plaintiff contends that there is a genuine issue of material fact as to what Mr. Davis told Sergeant Wheeler. However, the court feels that this is not the issue in this case. Affidavits of five people gathered at the scene of the accident indicate that Sergeant Wheeler was told by Mr. Davis that one Larry Bartlett or Larry Bartley was the hit-and-run driver. Only Mr. Davis himself denied in court that he said this and no supporting affidavit has been filed by him confirming this. The court must decide whether the purported information imparted to Sergeant Wheeler on the day of the accident by a reliable witness, and corroborated by others at the scene of the accident was enough to give probable cause for the arrest.

In Bowers v. Coiner, 309 F.Supp. 1064 (S.D.W.Va.1970), Judge Christie stated:

> It has long been an established principle that only the probability and not a prima facie showing of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), and that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial. . . In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court of the United States recognized that the constitutional requirement of probable cause could be satisfied by hearsay information. . . . 309 F.Supp. 1068.

■■ In Virginia, an arrest is legal so long as the arresting officer has probable cause to believe that the arrestee committed the crime. "Probable cause is knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." Virginia Ry. & Power Co. v. Klaff, 123 Va. 260, 96 S.E. 244 (1918); Clinchfield Coal Corp. v. Redd, 123 Va. 420, 96 S.E. 836, 842 (1918). In the present case, the statement of a reliable eyewitness at the scene of an accident is stronger than the hearsay information of an informer which the Supreme Court in Aguilar v. Texas, su-

pra, said was sufficient to satisfy the constitutional requirement of probable cause. The statement of the eyewitness identifying the driver was not disputed by any of the other witnesses to the accident. Their silence indicated that they did not know who was the driver or that they agreed with Mr. Davis. Therefore, the facts and circumstances existing at the time of the defendant's arrival, and the trustworthy information of an eyewitness, were sufficient in themselves to warrant a man of reasonable caution to believe that an offense had been committed and that plaintiff was the offender. This court finds that probable cause existed for swearing out a warrant against the plaintiff. The Supreme Court held in Pierson v. Ray, supra, 386 U.S. at 557, 87 S.Ct. at 1219 that ". . . the defense of good faith and probable cause, which the Court of Appeals found available to the officers in the common-law action for false arrest and imprisonment, is also available to them in the action under § 1983." Furthermore, in Beauregard v. Wingard, 362 F.2d 901 (9th Cir. 1966), the court held that where probable cause for arrest exists, civil rights are not violated by arrest even though innocence may subsequently be established. Therefore, this court does not find that plaintiff's civil rights were violated in the instant case, even though his innocence was later established. Nor does this court find that plaintiff has been denied due process of law as guaranteed by the constitution.

In addition, the Sixth Circuit held in Puett v. City of Detroit, Department of Police, 323 F.2d 591 (6th Cir. 1963) that federal jurisdiction based upon 28 U.S.C.A. § 1343 does not include the alleged torts of false arrest and malicious prosecution. The complaint may therefore be dismissed for lack of jurisdiction under 28 U.S.C.A. § 1343.

Accordingly, for the above-stated reasons, the defendant's motion to dismiss is granted. It is therefore adjudged and ordered that the plaintiff's complaint be dismissed without costs.