Frank **PRITCHARD**, Appellant,

v.

James E. **PERRY** and H. H. **Griffis**, Appellees.

No. 74–1528.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1974.

Decided Jan. 10, 1975.

C. Rauch Wise, Greenwood, S. C., for appellant.

A. Camden Lewis, Asst. Atty. Gen. of S. C. (Daniel R. McLeod, Atty. Gen., and Donald V. Myers, Asst. Atty. Gen. of S. C., on brief), for appellees.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The plaintiff in his complaint sought recovery of damages for a violation of constitutional rights arising out of his allegedly wrongful arrest and imprisonment by the defendants, both State police officers. He specifically alleged that the defendants "knew or should have known that the charges [on which his arrest was based] were not true and were not based upon fact" and "[t]hat the arrest and detention of the Plaintiff was completely and totally without legal justification." The defendants made no motion to dismiss the complaint but filed an answer on the merits. At a pre-trial hearing, plaintiff's counsel conceded, under questioning from the Court, that the plaintiff, following arrest, had actually been detained for merely a short time and had, during such restraint, suffered no physical injury. At this point, the Court proceeded to dismiss the action on its own motion on the ground that a cause of action for violation of constitutional rights under Section 1983, 42 U.S.C. exists only if the constitutional violation giving rise to the action is "aggravated" or flagrant. In so dismissing the action, the District Court erred.

The defendants assume—as they must under the controlling authorities—that an unjustified arrest and detainer represent an unconstitutional deprivation, violative of an individual's rights under both the Fourth and Fourteenth Amendments, redressable, at least in certain circumstances even under their

argument, by reason of Section 1983.[1] But they urge, and the District Court so ruled, that such a deprivation confers no right of action under Section 1983 unless that deprivation is aggravated by the "use of excessive force, such as beating, or some aggravation by means of detention, [over an] extremely long period of time without making available bond or without allowing the party to make a call to arrange for bond." They would thus read into Section 1983 what the District Court described as a *de minimis* rule. The difficulty with the argument, as well as the ruling of the District Court adopting it, is that, as the Court in Joseph v. Rowlen, *supra* (402 F.2d at 369) remarked in dismissing a similar argument, "there is nothing in the language of sec. 1983, or the fourth and fourteenth amendments as presently construed" to support such a limitation on a right of action under Section 1983, contrary as it is to the broad tone of that section, which, as Justice Harlan described it in his concurring opinion in Monroe v. Pape (1961) 365 U.S. 167, 196, 81 S.Ct. 473, 489, 5 L.Ed.2d 492, is "one of overflowing protection of constitutional rights." That argument would disregard the fact that it is the constitutional deprivation under color of state law, not the force used in effecting the deprivation or the extent of the injury suffered, that provides the basis for an action under Section 1983. That an infringement of personal liberty such as follows from an unconstitutional arrest has resulted in but a short period of restraint or has involved no physical injury may go in mitigation of damages but it manifestly cannot immunize the constitutional deprivation or abort an aggrieved plaintiff's right of action under Section 1983. The enabling statute was not so considered at the time of its enactment[2] nor has it since been authoritatively construed.[3] There is no justification for the incorporation of a *de minimis* rule by way of a limitation on the right of action by an individual for an admitted violation of constitutional rights. There is no warrant for any separation of constitutional rights into redressable rights and non-redressable rights, of major and minor unconstitutional deprivations, and Section 1983 makes no such distinction and authorizes no such separation. By its very terms it applies indiscriminately to a "deprivation of *any* rights, privileges, or immunities secured by the Constitution and laws." (Italics added)

■ The defendants would draw upon an analogy with prisoners' Section 1983 claims as authority for their proposition that not every constitutional deprivation—only those "of constitutional dimensions"—measures up to the type of deprivation cognizable generally under

1. Street v. Surdyka (4th Cir. 1974) 492 F.2d 368, 372; Jenkins v. Averett (4th Cir. 1970) 424 F.2d 1228, 1231–1232; Kerr v. City of Chicago (7th Cir. 1970) 424 F.2d 1134, 1140, cert. den. 400 U.S. 833, 91 S.Ct. 66, 27 L.Ed.2d 64; Joseph v. Rowlen (7th Cir. 1968) 402 F.2d 367, 369; Nesmith v. Alford (5th Cir. 1963) 318 F.2d 110, 124, cert. den. sub nom. Sullivan v. Nesmith, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420; Cohen v. Norris (9th Cir. 1962) 300 F.2d 24, 30–31; Droysen v. Hansen (D.C.Wis.1973) 59 F.R.D. 483.

　Wells v. Ward (10th Cir. 1972) 470 F.2d 1185, cited by the appellees, should be read in connection with the more recent case of Draeger v. Grand Central, Inc. (10th Cir. 1974) 504 F.2d 142, 145, especially n. 2.

2. In discussing the scope of Section 1983, the Court in Monroe v. Pape, *supra*, quoted from the Congressional debates this description of the section by one of its opponents (365 U.S. at 180, 81 S.Ct. at 480):

　" 'The deprivation may be of the slightest conceivable character, the damages in the estimation of any sensible man may not be five dollars or even five cents; they may be what lawyers call merely nominal damages; and yet by this section jurisdiction of that civil action is given to the Federal courts instead of its being prosecuted as now in the courts of the States.' "

3. *Cf.*, Weddle v. Director, Patuxent Institution (4th Cir. 1970) 436 F.2d 342, vacated and remanded for further consideration in light of Lynch v. Household Finance (1972) 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424.

Section 1983.[4] In advancing this contention, the defendants lost sight of the obvious distinction that exists between the ordinary citizen and the prison inmate. By the very nature of his confinement a prisoner is deprived of certain liberties that are the normal rights of the individual citizen. Deprivation is, to some extent, a necessary part of his confinement. So long as the deprivations of a prison inmate are no more than the " 'necessary or reasonable concomitants of [his] imprisonment' " they do not rise to a constitutional level or, to use the defendants' phrase, are not "of constitutional dimensions." It is only when the deprivation imposed on the inmate goes beyond the reasonable limits of prison administration that it becomes an unconstitutional deprivation.[5] But an individual, not under the disability of prison confinement, on the contrary, has an "incontrovertible" right—a right always "of constitutional dimensions" to be free from unreasonable interference by police officers and to enjoy "security from 'arbitrary intrusion by the police.' " Jenkins v. Averett, *supra* (424 F.2d at 1231). That was the right the plaintiff, by his complaint, was asserting. It was a right of unquestioned "constitutional dimensions."

■ It is true, as we have on several occasions stated, that a police officer, sued in an action for unconstitutional arrest under Section 1983, may defend on the ground that he acted in good faith in a reasonable belief on his part in the validity of the action.[6] But good faith and reasonable belief are matters of defense, the burden of establishing which rests on the defendant-officer.[7] The defendants in this case, by their answer, have raised this defense. That defense has not been ruled on and is open for resolution at trial or by a motion under Rule 56. The only circumstance when it would be appropriate to dismiss an action under Rule 12 without a trial on the merits or in the absence of a motion for summary judgment, would be when the good faith and reasonable belief of the arresting officers appeared incontestably on the face of the plaintiff's pleading. That is not our case. The dismissal of the action is accordingly reversed.

Reversed.

4. Johnson v. Glick (2d Cir. 1973) 481 F.2d 1028, cert. den. 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32; Jones v. Superintendent (D.C. Va.1974) 370 F.Supp. 488; Blakey v. Sheriff of Albemarle County (D.C.Va.1974) 370 F.Supp. 814; Fisher v. Woodson (D.C.Va. 1973) 373 F.Supp. 970.

5. *See*, Breeden v. Jackson (4th Cir. 1972) 457 F.2d 578, 580; Edwards v. Duncan (4th Cir. 1966) 355 F.2d 993, 994.

6. Hill v. Rowland (4th Cir. 1973) 474 F.2d 1374, 1378; Madison v. Manter (1st Cir. 1971) 441 F.2d 537; Bartlett v. Wheeler (D.C.Va. 1973) 360 F.Supp. 1051.

7. Cohen v. Norris, *supra* (300 F.2d at 32).