James Edward CLAYTON, Plaintiff-Appellant,

v.

Bill SHAW, District Clerk, Dallas County, Texas, Defendant-Appellee.

No. 76–3253

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 17, 1977.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

James Edward Clayton, pro se.

John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendant-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

James Edward Clayton appeals the district court's dismissal of his claim for relief under 42 U.S.C.A. § 1983. His complaint against the clerk of the Dallas County Court asserts that the clerk failed to return to him certain items of personal property, which he alleges were seized at the time of his arrest and introduced as evidence during his trial. The defendant clerk answered with a denial of custody at any time of any of plaintiff's property and moved for a judgment on the pleadings. The district court granted the motion on the ground that, although plaintiff had alleged a taking of property under color of law, he had not asserted that the taking was without due process of law, as required by section 1983. The court held that the state remedies provided by the Texas statutes meet the due process requirement.

■ Ever since the Supreme Court's decisions in *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), and *Weddle v. Director, Patuxent Institution,* 405 U.S. 1036, 92 S.Ct. 1318, 31 L.Ed.2d 577 (1972), *vacating* 436 F.2d 342 (4th Cir. 1970), it has been well settled law that 28 U.S.C.A. § 1343(3) can be used as a jurisdictional basis in a 1983 action when only property rights are involved. *Weddle* involved an action by a state prisoner for return of personal property having an aggregate value of only $3.52. This Court has applied the *Lynch* rationale on numerous occasions to cases involving the wrongful confiscation or detention of an inmate's property by prison or other state officials. *See Demps v. Wainwright,* 522 F.2d 192 (5th Cir. 1975); *Carter v. Estelle,* 519 F.2d 1136 (5th Cir. 1975); *Watson v. Stynchombe,* 504 F.2d 393 (5th Cir. 1974); *Clayton v. Wade,* 487 F.2d 595 (5th Cir. 1973); *Culp v. Martin,* 471 F.2d 814 (5th Cir. 1973); *Montana v. Harrelson,* 469 F.2d 1091 (5th Cir. 1972).

■ Reading plaintiff's *pro se* pleadings and briefs, to which defendant has failed to respond on appeal, with the liberality required by *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we find that defendant's answer denying custody of plaintiff's property was an insufficient basis upon which to dismiss his 1983 claim. Some factfinding procedures were required. *Clayton v. Wade, supra.* Therefore we vacate the district court's judgment and remand for further proceedings consistent with *Campbell v. Beto,* 460 F.2d 765 (5th Cir. 1972).

VACATED AND REMANDED.