436 F.Supp. 569 (1977)
Walter F. SCOTT, dba R N & S Refuse Removal Enterprises, Plaintiff,
v.
Paul CLARK, Richard Ellsworth, Lore Crowe, Richard Zeilmann, Paul Kenner, Individually and collectively as Board of Alderman of City of Winchester, Joyce Richstatter, and Aug. W. Elbring, dba Elbring Company, Defendants.
No. 77-445C(3).
United States District Court, E. D. Missouri, E. D.
June 7, 1977.
*570 Walter F. Scott, pro se.
Millsap, Weil, Eyerman & Schenberg, Clayton, Mo., for Clark, Ellsworth, Crowe, Zeilmann, Kenner & Richstatter.
Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, Mo., for Elbring Surveying Co.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the motion of defendants Clark, Ellsworth, Crowe, Zeilmann, Kenner and Richstatter for summary judgment. Defendant Elbring has filed a motion to dismiss for failure to state a claim. Plaintiff filed this suit pro se pursuant to 28 U.S.C. § 1343, alleging violations of 42 U.S.C. §§ 1981 and 1983, and violations of the Fourteenth Amendment. Plaintiff alleges that defendants Clark, Ellsworth, Crowe and Zeilmann are members of the Board of Aldermen of the City of Winchester, that defendant Kenner is the Mayor of the City of Winchester and presiding member of the Board of Aldermen, that defendant Richstatter is the City Clerk of the City of Winchester, and that defendant Elbring is the City Engineer of the City of Winchester. Plaintiff further alleges that he is a refuse collector within the City of Winchester and that on January 16, 1977, he submitted a bid or contract agreement to collect refuse for the entire city. Plaintiff alleges that on March 2, 1977, defendant Clark, acting in the absence of defendant Kenner, opposed the contract and has not submitted the same to the residents of the City of Winchester for approval. Plaintiff further alleges that on March 4, 1977, he submitted a bid to collect refuse for the spring and fall clean-up and that although he was the lowest bidder, his bid was not selected. Plaintiff further alleges that on April 6, 1977, defendant Clark threatened plaintiff and ordered him to remove a rock from the corner of plaintiff's driveway. On April 7, 1977, upon seeing that the rock remained, defendant Clark allegedly told plaintiff that he would no longer be permitted to haul refuse in the City of Winchester. Plaintiff alleges that these actions were taken because of his race and that the actions taken have denied him equal protection and due process of law. In Count II of the complaint, plaintiff alleges that defendants violated 42 U.S.C. § 1981 by refusing to consider or accept plaintiff's bid, apparently referring to the bid for the spring and fall clean-up.
In support of the motion for summary judgment, defendants have submitted numerous affidavits which state the following: the Board of Aldermen did not request bids for city-wide trash hauling from any trash hauler. Defendant Clark mentioned plaintiff's interest in a city-wide contract at a meeting of the Board. The consensus, however, was that the Board preferred to retain independent trash haulers, rather than select an exclusive city-wide hauler. This is the position that the Board has consistently taken.
At the February, 1977 meeting of the Board of Aldermen, the City Clerk was told to write to the area trash haulers, asking them to bid for the spring and fall clean-up. These requests for bids were mistakenly made by telephone, and no specifications were given. The bids for the clean-up were opened at a March, 1977 meeting of the Board. A company named Environmental had bid $2,800.00 for four pick-ups, two in the spring and two in the fall, with each pick-up to cover the entire City. Plaintiff's bid was for $2,400.00 for four pick-ups, two in the spring and two in the fall, but each pick-up was to be for only one-half of the City. The Board selected Environmental since its bid was in fact the lowest in that it provided for four city-wide pick-ups. Defendants Zeilmann and Clark suggested that plaintiff be allowed to re-bid because of the confusion on the specifications. Defendant Clark took the specifications to plaintiff on March 13, 1977. A local newspaper, however, printed an article concerning the March, 1977 meeting and stated that Environmental's bid was for $2,800.00. Plaintiff did re-bid, according to the Environmental specifications, at a price of $2,400.00. The Board, however, accepted *571 Environmental's bid because it believed it to be unfair to accept plaintiff's re-bid after Environmental's bid had been made public.
In March, 1977 the City reviewed its streets with the City Engineer. Ron Halbach inspected the streets with defendant Clark accompanying. The engineer pointed out a rock located on the front lawn of 42 Roland and indicated that it should be moved back from the road as it was a hazard and was situated in the City's right of way. At the time, Mr. Halbach had no idea who lived at that address. Defendant Clark stated that he would talk to the resident. On April 6, 1977, defendant Clark told plaintiff about the rock. On April 7, 1977, defendant Clark's trash had not been collected, and others, whose trash was normally collected by plaintiff also, reported that their trash had not been collected. Between April 8 and April 17, 1977, defendant Clark received complaints about trash, and was informed that plaintiff had told these people that defendant Clark had run plaintiff's business out of town. On April 13, 1977, defendant Clark issued a statement which was read at a City Meeting, given to the press, posted at City Hall, mailed to any resident who had complained to defendant Clark, and mailed to plaintiff. The statement provided that defendant Clark had never "ordered, suggested or even implied that Mr. Scott could not do business in the City of Winchester". "I have not order R N & S [plaintiff's business] out of this city and to my knowledge no one else connected with the city has ever suggested or ordered R N & S not to do business in Winchester". Moreover, defendant Clark reaffirms by affidavit that he never told plaintiff that he could not do business in the City of Winchester.
In opposition to the motion for summary judgment, plaintiff claims that the residents of the City of Winchester do want an exclusive city-wide hauler and do not like having independent trash haulers. Plaintiff contends that defendants withheld his proposed city-wide contract from the public, engaged in unfair tactics in the letting of the spring and fall clean-up bids, and sought to ruin plaintiff's business by alleging that he had broken the law. The latter claim presumably refers to the incident concerning the rock. Plaintiff claims that this was "[n]ot just because of the Plaintiff's being Black, but also because the plaintiff was competitive and did compete with the competitors, providing better service with more reasonable rates". Plaintiff further states:
However, the defendants were jealously disappointed at the Winchester Citizens increasing acceptance of the Plaintiff's service, that they personally tried to restrain his operation and finally totally eliminated. The defendants were confident that the Citizens would not accept a company new to the area, since the competitors had uncontendly [sic] controled [sic] the area for years.
It is the Court's opinion that defendants' motion should be granted and that this cause should be dismissed. Rule 56, Federal Rules of Civil Procedure, provides that
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. [emphasis added]
The issues raised by plaintiff's complaint relate to plaintiff's race. Plaintiff's response to the affidavits of defendants has been to provide the Court with evidence that the citizens of Winchester wanted an exclusive trash hauler, and not independent haulers. While this might indicate that the Board of Aldermen are not following the wishes of their constituency, it does not establish that defendants acted in violation of plaintiff's rights in rejecting his proposal. It appears that the Board of Aldermen has consistently taken the position that it prefers independent trash haulers to an exclusive city-wide hauler. Plaintiff has *572 failed to offer any evidence, by affidavit or otherwise, to indicate that the rejection of his proposal was related to his race.
Plaintiff has totally failed to refute the evidence presented with reference to the rock. The individual who first ordered the rock to be removed did not even know who lived at the address, much less that the individual was black. Moreover, this Court is very hesitant to conclude that the actions of individuals, in ordering a resident to move a rock back from the curb, violates any constitutional rights of that resident. Plaintiff has failed to contradict the evidence supplied by affidavits that the rock was ordered removed because of safety considerations, and not because of plaintiff's race. Cf., Davis v. Norman, 555 F.2d 189 (8th Cir. 1977).
The Court is also of the opinion that plaintiff has failed to raise any genuine issues of material fact with reference to the spring and fall clean-up. The Court will accept for the purposes of this motion that the bids were let incorrectly in that no specifications were given. Plaintiff has failed, however, to adduce any evidence that the decision to give the contract to Environmental was based, in whole or in part, upon plaintiff's race. Defendants' explanation, that the Board of Aldermen viewed it to be unfair to allow plaintiff's re-bid to stand after Environmental's bid had been published, stands uncontradicted and admits of no racial considerations. In fact, the evidence indicated that the Board of Aldermen made every attempt to treat plaintiff fairly by asking him to re-bid in accordance with Environmental's specifications.
Defendant Elbring, whose only connection herein appears to be in relation to the rock incident, has not joined in the motion for summary judgment, but instead has filed a motion to dismiss for failure to state a claim. This motion is not yet under submission. The Court is of the opinion, however, that plaintiff has failed to rebut the evidence that the actions taken concerning the rock were not taken because of plaintiff's race. The Court is also of the opinion that in ordering the removal of a rock, defendants could not be held to have violated any of plaintiff's constitutional rights.
Accordingly, defendants' motion for summary judgment will be granted and this cause will be dismissed as to all defendants.