567 F.2d 304
 Thelma BUNKLEY, Individually and on her own behalf and on
behalf of all others similarly situated,
Plaintiffs-Appellants,
v.
Garland WATKINS, Individually and as his official capacity
as Chief of Police of the City of Miami Police
Department, et al., Defendants-Appellees.
 No. 76-1644.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 6, 1978.
 
 Linsey Moore, Joyce Knox, Community Lawyers, Inc., Miami, Fla., for plaintiffs-appellants.
 Elliot L. Miller, Miami, Fla., for Nolan's Garage.
 Stuart Simon, Dade County Atty., Stephen P. Lee, Asst. County Atty., Miami, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TUTTLE, CLARK and RONEY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 Plaintiff, Thelma Bunkley, brought this action under 42 U.S.C.A. § 1983, alleging that defendants deprived her of property without notice and hearing, when they towed and impounded her stolen car. The district court dismissed with prejudice for lack of jurisdiction, holding that § 1983 protects only personal liberties and not property rights. We reverse and remand for consideration on the merits, in light of Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); Clayton v. Shaw, 548 F.2d 1155 (5th Cir.), cert. denied, --- U.S. ----, 98 S.Ct. 220, 54 L.Ed.2d 153 (1977); and Remm v. Landrieu, 418 F.Supp. 542 (E.D.La.1976).
 
 
 2
 Plaintiff alleged that on June 20, 1975, she notified Officer Mitchell of the City of Miami Police Department that her car, a 1964 Chevrolet, had been stolen. That same day, Officer Pruitt of the Dade County Public Safety Department recovered the car, and had it towed to Nolan's Garage. The license plate was still on the car and could have been used to identify plaintiff as the car's owner. Plaintiff was not notified prior to her car being towed and stored. In fact, it was not until July 25, more than 30 days after the car had been found, that plaintiff was notified by Nolan that the car was in its garage. Nolan notified plaintiff that she would have to pay $149 in towing and storage fees. Plaintiff was only able to pay $85 of that amount. Plaintiff never received her car, nor was the $85 which she paid to Nolan ever returned to her.
 
 
 3
 Plaintiff instituted this suit as a class action in the United States District Court for the Southern District of Florida. She challenged the constitutionality of various City and County ordinances and sought the return of her car and money, alleging that the towing of her car without notice deprived her of property in violation of § 1983. Named as defendants were Garland Watkins, the Chief of Police of the City of Miami Police Department; Officer Mitchell, to whom she had reported the theft of the car; Officer Pruitt, who recovered the car and ordered it towed; Nolan's Garage, which towed and stored the car; the City of Miami; and Dade County.
 
 
 4
 By orders of October 23 and November 19, 1975, Judge King dismissed Watkins, Officer Mitchell, the City of Miami, and Dade County, as defendants. The court held that any injury which plaintiff suffered was caused solely by the actions of Officer Pruitt and Nolan's Garage; that plaintiff lacked standing to challenge the City and County ordinances, since they did not apply to the facts of her case; and that the case was unsuitable as a class action. Plaintiff has not challenged these rulings on appeal.
 
 
 5
 On January 23, 1976, Judge King dismissed with prejudice plaintiff's complaint as against the remaining two defendants, Officer Pruitt and Nolan's Garage. He ruled that the court lacked subject matter jurisdiction, since § 1983 protects personal rights and not property rights.
 
 
 6
 The Supreme Court has "expressly reject(ed)" any distinction between personal liberties and property rights under § 1983 and its jurisdictional counterpart, 28 U.S.C.A. § 1343(3). Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Lynch and its progeny in this Circuit make it clear that a plaintiff can use § 1343(3) as a jurisdictional basis in a § 1983 action when only property rights are involved. E. g., Clayton v. Shaw, 548 F.2d 1155 (5th Cir.), cert. denied, --- U.S. ----, 98 S.Ct. 220, 54 L.Ed.2d 153 (1977) (upholding jurisdiction in a § 1983 suit against court clerk seeking return of plaintiff's property which had been seized and introduced as evidence at trial), and cases cited therein; Remm v. Landrieu, 418 F.Supp. 542 (E.D.La.1976) (§ 1983 case, declaring a similar New Orleans towing ordinance to be unconstitutional insofar as it authorized the assessment of towing fees and storage charges without notice and the opportunity for a hearing).
 
 
 7
 We intimate no opinion as to the merits of plaintiff's claims. Since, however, the district court employed an erroneous legal standard in dismissing the complaint, we reverse and remand for consideration on the merits in light of the cases cited in this opinion.
 
 
 8
 REVERSED AND REMANDED.