## BUILDING ENGINEERING SERVICES CO., INC.

v.

## The STATE OF LOUISIANA and the Louisiana Stadium and Exposition District.

### Civ. A. No. 78–75.

United States District Court,
E. D. Louisiana.

Sept. 28, 1978.

---

James R. Sutterfield, New Orleans, La., for plaintiff.

Robert L. Manard, III, New Orleans, La., for intervenor.

Sam Levkowicz, New Orleans, La., for defendants.

CHARLES SCHWARTZ, District Judge.

This matter came on for hearing on July 12, 1978 on defendant's Motion to Dismiss, at which time the Court took the matter under submission pending further memoranda from counsel.[1] Having received such memoranda from all counsel, and the Court having carefully considered all memoranda and oral argument of counsel, the record in its entirety, and the law, rules as follows:

Plaintiff, Building Engineering Services Co., Inc. ("BESCO"), brings this action for deprivation of Civil Rights under 42 U.S.C. §§ 1981, 1983, and 1988, and the right guaranteed under section one of the fourteenth amendment of the United States Constitution, jurisdiction being founded on 28 U.S.C. §§ 1331, 1343(3). Defendants are the State of Louisiana ("State") in its proprietary capacity as lessee of the Louisiana Superdome, the Louisiana Stadium and Exposition District ("District")[2] in its proprietary capacity as owner and lessor of the Superdome, and Charles E. Roemer, II, in his capacity as Commissioner of Administration. The District executed a lease contract of the Louisiana Superdome in favor of the State. The State also entered into a management and operating agreement with the District which required the State to bear the costs of operation, maintenance, and repairs to the facilities. Subsequently, the State hired the Hyatt Corporation ("HMC") to manage the Dome. Pursuant to section 8.2 of Act No. 64 of 1977 and its management agreement, the State, at the request of HMC, terminated BESCO's contract. In its complaint, BESCO claims that such termination deprived BESCO of its property, due process, and equal protection rights under color of state law, and, accordingly, it is entitled to damages for breach of contract under article 1934 of the Louisiana Civil Code. BESCO further alleges that it is obligated to Glenn D. Teel and James Pertuit under their respective employment contracts, and BESCO seeks damages for any amounts it must pay thereon. Finally, BESCO seeks attorney's fees under 42 U.S.C. § 1988.

Union Service and Maintenance Company, Inc. ("Union") has intervened claiming, essentially, that BESCO breached its contract with Union regarding certain subcontracting work arising out of a general con-

1. On July 11, 1978 at 2:12 p.m. the plaintiff amended its complaint pursuant to Rule 15, Federal Rules of Civil Procedure, to allege a jurisdictional basis under 28 U.S.C. § 1331 and to add Charles E. Roemer II, in his official capacity as Commissioner of Administration of the State of Louisiana, as a party defendant. The next day, at the time of the hearing on defendant's motion to dismiss, the Court and defense counsel were informed for the first time of such amendment and accordingly the Court granted all parties additional time to file supplement memoranda.

2. The District was created by Louisiana Act No. 556 of 1966, which amended article 14 of the 1921 Constitution by adding section 47. Although the 1974 Constitution significantly altered many of the provisions of the 1921 Constitution, section 47 of article 14 remained intact. See La.Const. art. 14, § 16(A)(10).

tract with the District for heating, ventilation, and air conditioning work.

■ The Court lacks jurisdiction over plaintiff's claims under section 1981 insofar as plaintiff has failed to allege racial discrimination. *Olivares v. Martin,* 555 F.2d 1192 (5th Cir. 1977); *Scott v. Clark,* 436 F.Supp. 569 (E.D.Mo.1977); *Williams v. Patton,* 410 F.Supp. 1 (E.D.Pa.1976).

■ Concerning the State and the District, the plaintiff states no claim under 42 U.S.C. § 1983 upon which relief may be granted since states and their political subdivisions are not "persons" within the meaning of that statute. *See Cheramie v. Tucker,* 493 F.2d 586 (5th Cir. 1974), *cert. denied,* 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (citing *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)); *Jackson v. Sargent,* 394 F.Supp. 162 (D.Mass.1975), *aff'd,* 526 F.2d 64 (1st Cir. 1970).

■ Moreover, the Court notes that by virtue of the eleventh amendment of the United States Constitution, the State of Louisiana is immune from suit brought under section 1983. *See Burton v. Waller,* 502 F.2d 1261 (5th Cir. 1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442.[3] In this respect, the Court also is of the opinion that Louisiana, including its political subdi-

visions, has not consented to be sued in *federal* courts, and Louisiana has in fact limited its waiver of sovereign immunity to suits in state courts.[4] Moreover, any judgment against Mr. Roemer, who has been sued in his official capacity, would necessarily be satisfied with state funds. This action against Mr. Roemer is essentially against the State of Louisiana, and accordingly is barred by the eleventh amendment. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Dep't of Treasury of the State of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35 (2d Cir. 1977).

■ Finally, the Court addresses the issue of whether or not the breach of contract, as styled in plaintiff's complaint, is cognizable under section 1983.[5] While an action alleging only a deprivation of property rights under certain circumstances may be brought pursuant to section 1983, *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Bunkley v. Watkins,* 567 F.2d 304 (5th Cir. 1978), this statute was never intended to be a catch-all statute for suits traditionally and characteristically based on state causes of action. *Ryan v. Aurora City Bd. of Educ.,* 540 F.2d 222 (6th Cir. 1976), *cert. denied,*

---

**3.** This is not to be confused with the recent landmark decision in *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) which holds that municipalities and other *local* governments are "persons" under section 1983. As the Court stated: "Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Id.,* 98 S.Ct. at 2035–36 n. 54.

**4.** While the State of Louisiana has waived its sovereign immunity to a certain degree (La. Const. art. 12, § 10), it has expressly provided the limitation that suits against the state, state agencies, or political subdivisions shall not be instituted "in any court other than a Louisiana state court." La.Rev.Stat.Ann. 13:5106 (West Supp.1978) (as amended by Acts of 1975, no. 434, § 1). Significantly, "political subdivision" is broadly defined to include, *inter alia,* any "special district, . . . district, . . . and other public or governmental body of any

kind which is not a state agency." *Id.* Under its enabling statute, the Louisiana Stadium and Exposition District is specifically characterized as "a body politic and corporate and *political subdivision* of the State of Louisiana . . ." *See* La.Const. art. 14, § 16(10) (continuing the provisions of La.Const. art. 14, § 47 (1921) which provides under subsection (c) that the District "shall constitute an instrumentality of the State of Louisiana").

**5.** Plaintiff cites numerous decisions including *Lynch v. Household Finance Corp., supra; Hotel Coamo Springs, Inc. v. Hernandez Colon,* 426 F.Supp. 664 (D.P.R.1976); *Hohensee v. Grier,* 373 F.Supp. 1358 (D.C.Pa.), *aff'd,* 524 F.2d 1403 (3d Cir. 1975), *cert. denied,* 426 U.S. 940, 96 S.Ct. 2659, 49 L.Ed.2d 392 (1976), which show section 1983 may remedy loss of property or property rights; however, none of these cases address the question of whether section 1983 is an appropriate means of redressing breach of contract.

429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753. Circumstances, such as herein presented to the Court, which involve nothing more than an alleged breach of contract, are not to be unreasonably construed simply to bestow a jurisdictional basis upon a federal court. For these reasons, the Court declines to exercise its jurisdiction over this claim for breach of contract. *See National Cold Storage Co. v. Port of New York Authority,* 286 F.Supp. 1016 (S.D.N.Y.1968).[6]

For all the reasons stated above, defendant's Motion to Dismiss is hereby GRANTED, dismissing plaintiff's and intervenor's complaints in their entirety, without prejudice to file same in state court. Let judgment be entered accordingly.

---

**6.** Finally, even assuming *arguendo* that plaintiff's claims could be entertained properly under section 1983 and there were no eleventh amendment infirmities, the Court would, nevertheless abstain from adjudicating this matter.